PORTLAND AND HARPSWELL STEAMBOAT COMPANY, in equity,

*vs.*

JOSEPH A. LOCKE, administrator on the estate of CHARLES SAWYER.

Cumberland. Opinion May 4, 1882.

*Trust funds. Equity.*

A bill in equity against an administrator stated in substance that the deceased at the time of his death had on deposit in a bank in his own name and "upon his individual account" $898.08 and that "said deposit included and covered"

a balance of $559.35 held by the deceased in trust for the plaintiff, and the prayer was that the administrator be required to pay over for the benefit of the plaintiff, such balance.

*Held,* that the identity of the trust funds was lost and the *cestui que trust* stood no better than other creditors of the estate.

ON demurrer to a bill in equity.

Bill in equity by William H. Fessenden "delegated and authorized by said company to act for it in closing up its affairs."

The following are the averments of the bill considered in the opinion.

"And your orator avers, that thereupon, to wit: On the twenty-sixth day of July, A. D. eighteen hundred and seventy-seven, the said John S. Morris, in payment of the sum due in the premises from him to the said Portland and Harpswell Steamboat Company, delivered in hand and paid to the said Charles Sawyer, so as aforesaid authorized to receive the same, forty-five hundred dollars in good and lawful money, which said sum of money, to wit, said forty-five hundred dollars, he, the said Charles Sawyer, then and there, to wit: at said Portland, on July twenty-sixth, A. D. eighteen hundred and seventy-seven, received as the funds, property and money of the Portland and Harpswell Steamboat Company, aforesaid, and in trust for said Portland and Harpswell Steamboat Company.

"And your orator further avers that on the twenty-sixth day of July, aforesaid, the said Charles Sawyer deposited upon his individual account, in the Merchants' National Bank—a national banking association, established and existing under the laws of the United States of America, and having its banking house and place of business at said Portland,—said sum of forty-five hundred dollars, so as aforesaid received by him.

"And your orator shows that on the twenty-fourth day of September, A. D. eighteen hundred and seventy-seven, said company, at a meeting thereof then held, voted that the said Charles Sawyer be instructed and authorized to pay all bills outstanding against said company, approved and passed by the directors of said company.  .  .  .

"And your orator shows and avers, that of and from said sum of forty-five hundred dollars, so as aforesaid, by said Sawyer

received in trust for said company, there remained, after such payments had been made and paid, as aforesaid, by him the said Sawyer, a balance of five hundred fifty-nine dollars and thirty-five cents, in the said trust of him, the said Sawyer, on deposit, as aforesaid, in said bank : which balance of five hundred and fifty-nine dollars and thirty-five cents the said Sawyer never paid to said company, or to any person for or on account of said Company.

"And your orator avers that the said Charles Sawyer died on the twenty-eighth day of October, A. D. eighteen hundred and seventy-seven, leaving a will executed by him on the 28th day of June, A. D. 1876 ; that on the first Tuesday of December, A. D. eighteen hundred and seventy-seven, Joseph A. Locke, of said Portland, this defendant, was, by the honorable judge of probate for said county of Cumberland, duly appointed administrator, with the will annexed, of the estate of said Charles Sawyer, deceased, and thereupon the said Locke was duly qualified to act as such administrator, and entered upon the performance of the duties of such office.        .        .        .

"And your orator has been informed, and believes it to be true, and thereupon avers that on December 18th, A. D. 1877, the said Locke, as such administrator, withdrew and received from said bank the deposit of said Sawyer, remaining and being in said bank at the time of his death, to wit : the sum of eight hundred ninety-eight dollars and eight cents, which said deposit and sum of eight hundred ninety-eight dollars and eight cents, so withdrawn and received by said Locke, included and covered said balance of five hundred fifty-nine dollars and thirty-five cents, so by said Sawyer held, on said deposit, in trust for said company as aforesaid.        .        .        .

"To the end therefore that the said defendant    .   .   .    may be decreed to pay to your complainant for said Portland and Harpswell Steamboat Company said balance of five hundred fifty-nine dollars and thirty-five cents, said money so by said Sawyer at his death held, and so by this defendant received in trust for said company, and that said complainant may have such further and other relief as the nature and circumstances of the case may require and to your honors shall seem meet."   .   .

*Henry W. Swasey*, for the plaintiffs.

Here is a trust that remained open in the respondent's testator at his death, and the assets which said testator held as trustee and received by respondent, are held by him upon the same terms and trusts as said testator held them. The case as stated in the bill and admitted by the demurrer falls peculiarly within the jurisdiction of a court of equity. Perry on Trusts § § 245, 264, 344 : R. S., c. 77 § 5, Fourth; 65 Maine, 180; 67 Maine, 514.

*Joseph A. Locke*, for the defendant.

WALTON, J. We do not find it necessary to consider the technical objections made to the maintenance of this suit, for we are satisfied it cannot be maintained upon its merits. The bill states in substance that Charles Sawyer, at the time of his death, had on deposit in one of the banks in Portland, in his own name, and "upon his individual account," $898.08 ; and that "said deposit included and covered" a balance of $559.35, held by said Sawyer in trust for the Portland and Harpswell Steamboat Company; and the prayer of the bill is that the defendant, as administrator upon said Sawyer's estate, may be required to pay over said balance to the plaintiff for the benefit of said company. It is plain from these statements that the trust funds were not only deposited to the private and individual account of Sawyer, but that the funds had in some way become mixed with other funds belonging to him; for the balance claimed to be due from him to the company is considerably less than the amount remaining on deposit in the bank. The identity of the trust funds is therefore lost; and, in such a case, the *cestui que trust* can stand no better than other creditors. *Goodell* v. *Buck*, 67 Maine, 514.

*Bill dismissed, with costs.*

APPLETON, C. J., VIRGIN, LIBBEY and SYMONDS, JJ., concurred.