OSCAR D. WETHERELL, ASSIGNEE,

v.

ELLEN O'BRIEN, INTERVENING PETITIONER.

*Insolvency—Trust Fund—Identity.*

Upon a petition praying that the receiver of an insolvent be ordered to pay a certain sum from funds in his hands, on the theory that the sum in question was no part of the fund to be distributed to creditors, but was a trust fund, this court holds, that notwithstanding the fact that the identity thereof is gone, the order directing such payment must be affirmed.

[Opinion filed June 25, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Mr. E. L. BARBER, for appellant.

Mr. C. M. HARDY, for appellee.

GARY, J.    The appellant is the assignee of Melville T. Roberts, insolvent, and is administering the assets under the direction of the County Court.

Roberts was a banker.    February 17, 1890, the appellee and her son-in-law, Garrity, who was executor of her deceased husband's estate, went to the bank, she carrying $1,900.    Garrity told Roberts that she wanted him to loan the money out as soon as he could upon a good first real estate security under the direction of the judge of the Probate Court, and that she did not want any interest for it while it was in his hands.

She took no part in the conversation and heard little of it, as she was then crying over the recent death of a son.

She gave Roberts the money, he passed it to his cashier, entries were made, and Roberts gave to her a savings department pass book of the bank, containing a credit to her of the money.    This part of the business was done without any words about it, and it does not appear that either the appellee or

Wetherell v. O'Brien.

Garrity had any knowledge of the signification of the pass book.  Garrity saw Roberts several times about the proposed loan, the last time on the 15th or 16th of June, when Roberts said he thought he had the loan of the money upon a good first mortgage about concluded; that the mortgage was already made out and was to be executed June 30th.  On the 27th Roberts made an assignment, and the appellee petitioned the County Court for an order on the appellant to pay to her at once out of the money in his hands, the $1,900, on the theory that that sum is no part of the fund to be distributed to creditors, but was held in trust for her.

If the identity of the fund is essential to her relief, her remedy is gone, for the money went into the vaults of the bank with the other currency, and no one can pick out of the funds in the hands of the appellant, a single bill that Roberts received from Mrs. O'Brien.

We admit that last year in considering a case in which this question of identity was suggested, but not necessarily involved, we regarded the weight of authority as being adverse to the claim of the appellee.  Union Nat. Bk. v. Goetz, 35 Ill. App. 396.

For more than thirty years this question has not been before the Supreme Court.  Wilson v. Kirby, 88 Ill. 566, was a case of classification under administration, and whether the money there in question was received in trust, was the issue; not whether it could be identified or followed.

But on principle this case can not be distinguished from Doyle v. Murphy, 22 Ill. 502, and School Trustees v. Kerwin, 25 Ill. 62.

In the first case it is held, that money delivered to pay debts due to third persons from the person delivering, and converted to his own use by the person receiving, does not create a trust; in the second, that money mingled with the general fund in a bank can not be followed.

This branch of the law has undergone much discussion elsewhere since those cases.  We acknowledge our obligation to follow the lead of the Supreme Court, but where a generation has passed during which the point has not arisen in this State,

and has been often elaborately considered by courts of the highest respectability in other States, and by them decided adversely to early decisions in this State, we feel at liberty to refer the question anew to our superiors. We have already departed from the principle of those cases in Star Cutter Co. v. Smith, 37 Ill. App. 212. The authorities which, in our judgment, justify this departure, are fully collected in 2 Morse on Banks, Sec. 567.

The order of the County Court, directing the appellant to pay the money to the appellee, is affirmed.

*Order affirmed.*