CHAPIN & GOULD

v.

WABASH MANUFACTURING COMPANY AND CHARLES SHACKLEFORD, ASSIGNEE.

*Sales—Trust Property—Pursuit of Proceeds of—Insolvency of Agent.*

1. In order to pursue a trust fund, its identity as a fund must be preserved, so that it can be distinguished from all other funds, or if intermingled, that the intermingling was done without the consent of the *cestui que trust.*

2. It seems to have been contemplated in the case presented that the proceeds of certain goods would be mingled with the proceeds of the goods of an insolvent named.

3. This court holds that the assignee defendant should not be ordered to account for the credits, upon which in part certain goods were sold, it not being shown that he received such credits, or anything on account thereof.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

The Wabash Manufacturing Company received on consignment from appellants, paper to the value of $144.78, which it was to sell, and account to appellants for the proceeds. Thereafter the Wabash Manufacturing Co. made an assignment, and January 13, 1890, appellants filed a petition asking that the assignee be ordered to deliver to them such portion of the paper as might be remaining in his hands, if any, and if the same had been sold that he be directed to pay them the sum of $144.78.

The assignee answered that the goods were sold long before the assignment, and the proceeds thereof intermingled with the other moneys of the Wabash Company and paid out in the ordinary course of business; and that there was no way of distinguishing such proceeds from the other property; that no part of said property or its assets came to the possession of the assignee. The paper was sold about December 1, 1889, some of it for cash and some on a credit of thirty to sixty days. What portion was sold for cash and what on credit does not appear, neither is it shown that any of the credits were outstanding or passed to the assignee by the assignment made December 26th; the money received was intermingled with the other funds of the company.

Mr. L. H. FOSTER, for appellants.

Messrs. GRIFFIN & WILE, for appellees.

WATERMAN, P. J. Appellants seek to follow the proceeds of trust property, without being able to distinguish such proceeds from funds derived from other sources. Whatever may be the rule in other States, it is established in this, that in order to pursue a trust fund, its identity as a fund must be preserved so that it can be distinguished from all other funds, or if intermingled, that the intermingling was without the

consent of the *cestui que trust*. School Trustees v. Kerwin, Ex'r, 25 Ill. 73; Wilson v. Kirby, 88 Ill. 566; Union Nat. Bank v. Goetz, 27 N. E. Rep. 907.

It is urged that the proceeds of the sale are to be charged as a lien upon the entire estate, because the proceeds of the paper were mingled by the consignee with funds derived from a sale of his own goods.

The petition filed in this case states the arrangement to have been that the Wabash Company was to dispose of the goods to the best possible advantage, and *account* to the petitioners for the proceeds thereof. Petitioners seem to have contemplated that the company would mingle the proceeds of these goods with the proceeds of its own property.

It is said by the Supreme Court in Union Nat. Bank v. Goetz, *supra:* "The principle upon which a trust fund is pursued, and its proceeds held subject to the trust, is that the trustee has wrongfully, and contrary to the intention of the owner, converted it, and where there has been a commingling of funds or property, that has been done without the consent of the *cestui que trust*."

To the suggestion that the assignee should have been ordered to account for the credits upon which in part the goods were sold, it is sufficient to say that it was not shown that the assignee received these credits or anything on account thereof.

The judgment of the County Court must be affirmed.

*Judgment affirmed.*