## Richelieu Hotel Company v. Truman Miller, Receiver.

1. Trusts—*Proceeds of the Fund.*— The proceeds of a trust fund wrongfully disposed of by a trustee, can be followed by the *cestui que trust* so long as such proceeds can be identified and separated from others in the hands of the trustee.

2. Trusts—*Funds Intermingled with a Mass.*—If there are other creditors who have claims upon the fund, the *cestui que trust* can hold only such portion as has not intermingled with a mass; it is not sufficient that he is able to show that a certain fund is in part made up from the proceeds of his goods.

3. Fraud—*Vendor and Vendee—Worthless Checks.*—It is a gross fraud upon the vendor to obtain goods by giving a check, which the vendee knows will not be paid.

4.  Fraud—*Obtaining Goods by Worthless Checks—Application.*—A corporation, on the eve of insolvency, purchased of another a quantity of merchandise, giving its checks for the same. Its business was turned over to a receiver appointed by an order of court. Payment of the checks was refused for want of funds. Payment was demanded of the receiver or a return of the goods, a portion of them remaining unsold, but what portion did not appear. A petition was then filed by the vendor, in the court appointing the receiver, asking that he pay for the goods or return the same. The question being, was the vendor entitled to a preference over other creditors in the distribution of the assets? *It was held* that the vendor could follow the proceeds of its goods and obtain them as against other creditors, so long only as such proceeds were distinguishable from other funds.

**Memorandum.**—Petition for an order directing a receiver to restore goods alleged to have been obtained by fraud. Relief denied. Error to the Superior Court of Cook County; the Hon. George H. Kettelle, Judge, presiding. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed April 6, 1893.

The opinion states the case.

S. K. Dow and Josiah Burnham, attorneys for plaintiff in error.

Willits, Robbins & Case, attorneys for defendant in error.

Opinion of the Court, Waterman, J.

The Hiawatha Company, a corporation, finding itself insolvent, on Saturday, October 17, 1891, resolved to have a receiver of its effects appointed. On the evening of that day it purchased and received of plaintiff in error two small lots of wine, giving its checks therefor. Early upon Monday morning, in accordance with arrangements it had made upon Saturday, its business was turned over to a receiver appointed by the Superior Court.

The checks received by plaintiff in error having been on Monday deposited for collection, were thrown out for want of funds; plaintiff in error thereupon immediately went to the place of business of the Hiawatha Company, and finding the receiver in possession, demanded of him payment for the

goods sold by it, as aforesaid, or a return of the same. A portion of such goods were then on hand, but what portion does not definitely appear.

November 11, 1891, plaintiff in error filed in the Superior Court its petition, setting up the obtaining of the goods as above described, and asked that the receiver be ordered to pay to it the amount of its claim or to return to it the goods so purchased.

The petition, with the answer of the receiver, was referred to a master to take proofs and report; he reported adversely to the petitioner, and upon exceptions filed, his report was confirmed.

It is quite clear that plaintiff in error was most unjustly dealt with by the Hiawatha Company; for it to obtain goods by giving checks, which it knew would not be paid, was a gross fraud.

The question, however, presented to this court, is, not how the Hiawatha Company is to be punished or dealt with, but rather, what are the respective rights of its creditors, or, more especially, is plaintiff in error in the distribution of the assets of this insolvent entitled to a preference over other creditors?

Undoubtedly, plaintiff in error had, upon the discovery of the fraud, a right to rescind the sale and demand a return of such of its goods as were then undisposed of; but it seeks not to do this, but to follow the proceeds of the goods and obtain them, as against other creditors.

This it could do if the proceeds of its goods were distinguishable from other funds.

The proceeds of a trust fund wrongfully disposed of by a trustee can be followed by the *cestui que trust* so long as such proceeds can be identified and segregated in the hands of the trustee. Taylor et al. v. Sir Tho. Plumer, 3 Mau. & Selw. 562–573; 2 Pom. Eq. Jur., Sec. 1051; 2 Story Eq. Jur., Sec. 1258.

If there are other creditors who have claims upon the fund, the *cestui que trust* can hold only such portion as has not been intermingled with a mass; it is not sufficient that

he is able to show that a fund of one thousand dollars is in part made up from the proceeds of his goods. Chapin & Gould v. Wabash Manfg. Co., 43 Ill. App. 446; Union National Bank v. Goetz, 35 Ill. App. 396; same v. same, 138 Ill. 127; School Trustees v. Kirwin, 25 Ill. 73; Steamboat Co. v. Locke, 73 Me. 370; Goodell v. Buck, 67 Me. 514; Philadelphia Nat. Bank v. Dowd, 38 Fed. Rep. 172; 2 Pomeroy's Eq. Juris., Sec. 1058; 2 Story's Eq. Juris., Sec. 1259.

The case of Wetherell, Assignee, v. Ellen O'Brien, 41 Ill. App. 142, has been reversed by the Supreme Court of this State.

In the present case the money derived from such of the goods as were sold was intermingled with other funds; the plaintiff in error can not, therefore, as against other creditors, obtain such proceeds.

As to the goods unsold when the receiver took possession, the evidence does not show how much or what was unsold, while it appears that such goods have since been sold with others in the usual course of business by the receiver.

It is, for these reasons, impossible to give the plaintiff in error the relief it seeks. There is no specific thing upon which the court can act. There does not appear to be any property that has been identified as coming from or belonging to the plaintiff, and no specific money is shown to be the proceeds of its goods. Plaintiff must share *pro rata* with other creditors.

The decree of the Superior Court dismissing the petition is affirmed.