## Drovers National Bank v. G. G. Clemmer, John Jones and John Bower, and J. A. Felthous, J. C. Felthous and A. A. Moore, partners as Felthous Brothers and Company.

1. TRUST FUNDS—*Money Mixed with Other Money.*—Money mixed with other money loses its identity, and can not be followed as a trust fund.

2. SAME—*What Are Not.*—Several persons, having separate interests, shipped stock to a commission merchant to be sold and the proceeds sent to them severally. The merchant deposited tickets received from purchasers of stock with a bank as cash, which the bank collected. The merchant failed with $3,475 in the bank: he was owing the persons who shipped the stock $4,859. *It was held* that no trust in favor of such persons attached to the balance in the bank to the credit of the com- mission merchant.

**Memorandum.**—In equity. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed December 20, 1894.

APPELLANT'S BRIEF, GEORGE P. MERRICK, ATTORNEY.

A creditor who seeks to reach the equitable estate of his debtor which can not be reached by law, must first recover judgment at law and have execution returned unsatisfied to give jurisdiction to equity. Miller v. Davison, 8 Ill. (3 Gil.) 518; Ishmael v. Parker, 13 Ill. 324; Bigelow v. An- dress, 31 Ill. 322; McConnell v. Dickson, 43 Ill. 99; Dewey v. Eckert, 62 Ill. 218; Chicago, etc., R. Co. v. St. Anne,

101 Ill. 151; Scripps v. King, 103 Ill. 469; Dormueil v. Ward, 108 Ill. 216.

It is true that in trust cases, ordinarily, a court of equity has jurisdiction. It does not follow, however, that a court will assume jurisdiction in every case where a mere confidence has been reposed, or a credit given. "Money delivered to pay debts due to third persons from the person delivering, and converted to his own use by the person receiving, does not create a trust." Wetherell v. O'Brien, 41 Ill. App. 143; Doyle v. Murphy, 22 Ill. 502; Taylor v. Turner, 87 Ill. 296; Steele et al. v. Clark, 77 Ill. 471; Wilson v. Kirby, 88 Ill. 566.

APPELLEES' BRIEF, LLOYD G. KIRKLAND AND W. D. EVANS, ATTORNEYS.

Hanna, Son & Co. never acquired title to the proceeds of the sales. They were factors only.

The ownership of the proceeds was in the owners of the stock sold. The factors received them as trust funds only. Union Stock Yards Bank v. Gillespie, 2 Sup. Ct. Rep. 119; 41 Fed. Rep. 231; 137 U. S.

The factors could not divest them of their trust character by wrongfully commingling them with their own funds without the consent of the *cestuis que trust*. But in case of such commingling, a trust will be impressed upon the entire mass. Union National Bank v. Gætz (Ill.), 27 N. E. Rep. 907; First National Bank v. Kilbourne (Ill.), 20 N. E. Rep. 681; Diversey v. Johnson, 93 Ill. 547; Fuller v. Paige, 26 Ill. 358; Beach v. Schmultz, 20 Ill. 186; Central Nat. Bank of Baltimore v. Conn. Mutual Life Ins. Co., 104 U. S. 54; Farmers Nat. Bank v. King, 57 Pa. St. 202; Citizens Bank v. Harrison (Ind.), 26 N. E. Rep. 683; First Nat. Bank v. Belt, 29 Ill. App. 194; McLeod v. Evans (Wis.), 28 N. W. Rep. 173; Third Nat. Bank v. Stillwater Gas Co. (Minn.), 30 N. W. Rep. 440; Boyer v. King (Iowa), 45 N. W. Rep. 908; Anheuser v. Farmers and Merchants Bank (Neb.), 53 N. W. Rep. 1037; Craig v. Hadley, 99 N. Y. 131, 1 N. E. Rep. 537; Peak v. Elliott, 30 Kan. 156.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

What may be called the fireside equities of this case seem to me to be altogether with the appellees, but we are constrained to say that the law is against them.

There are several individuals, or firms, having separate interests, who shipped from Iowa, stock to the firm of Hanna, Son & Co., commission merchants, at the Union Stock Yards in Chicago, to be sold, and the proceeds to be sent to them severally.

Hanna, Son & Co. kept an account with the appellant, and the mode in which such proceeds got into the possession of the appellant, was, that a purchaser from Hanna, Son & Co., gave to them a ticket showing the purchase, and how many dollars and cents it amounted to, which ticket Hanna, Son & Co. deposited with the appellant as so much cash, and the appellant collected the amount from the purchaser.

The amount of the proceeds belonging to the appellees is $4,859, and the amount in the bank which this bill is filed to obtain is $3,475.

The deposits made in the bank on the last day that Hanna, Son & Co. did business with it was $12,379.21, so that on that day they had checked out nearly $9,000. The proceeds of one shipment went into the bank two days before, but the residue went in on that last day. Without reference to the claim which the appellant makes to apply the money to indebtedness held by the bank, we are obliged to hold that no trust in favor of the appellees attached to the balance in the bank standing, or which ought to stand—conceding the ought without expressing any opinion upon it—to the credit of Hanna, Son & Co. That an action for money had and received would not lie in favor of either of the appellees against the bank seems to be proved by the case of Carpen v. Hall, 27 Ill. 386, reaffirmed in 29 Ill. 512, with the names reversed.

And that money mixed with other money loses its identity and can not be followed as a trust fund, is a doctrine often repeated by the Supreme Court.

Most of the prior cases are referred to in Mutual Accident

Ass'n v. Jacobs, 141 Ill. 261. We tried to get away from it in O'Brien v. Wetherell, 41 Ill. App. 142, but the Supreme Court held us to it on appeal. Wetherell v. O'Brien, 140 Ill. 146. The decree is reversed and the bill dismissed.