School Trustees, etc. *v.* Kirwin, Ex'x, etc., et al.

# THE SCHOOL TRUSTEES, etc., Plaintiffs in Error, *v.* MARY ANN KIRWIN, Executrix, etc., *et al.*, Defendants in Error.

## ERROR TO KANE.

Whoever comes into possession of trust property, with notice of the trust, is bound, with respect to that property, to the execution of the trust.

If the trust property is money, it is not necessary that the particular coin, or kind of money, or the particular pieces, shall be identified, but its identity as a fund must be preserved, in order to pursue it.

25     73
197   ²111
d197  ²114
25      73
207   ¹220

25     73
35a   403

25     73
138   185

25     73
140   152
140   421
141   268
41a   143

25     73
50a   393
51a   185

25     73
157    69
157   215
157   629

25     73
56a   451

25     73
174   461

25     73
81a   183
81a   255
81a   297
81a   353

School Trustees, etc. *v.* Kirwin, Ex'x, etc., et al.

THE complainants, plaintiffs in error, filed in the Kane county Circuit Court their bill of complaint against Mary Ann Kirwin, executrix, etc., of Francis M. Kirwin, and by supplemental bill made Henry Stevens, administrator of F. M. Kirwin, deceased, and Augustus M. Herrington, administrator of Rolla French, parties defendant.

It appears that at a regular meeting of the board of school trustees, Rolla French was appointed township treasurer; that he held that office until his death. That, as township treasurer, he received from time to time funds belonging to the corporation, and that at the time of his death he had some $3,000, or thereabouts, of said school funds. That at the time the said French was appointed township treasurer, he was in the employ of one Francis M. Kirwin, a broker and dealer in exchange and deposits in the town of St. Charles, as principal clerk and book-keeper. That Kirwin, at the time of such appointment, or soon after, was fully cognizant thereof, and fully aware of the funds received by French as treasurer, and of the amount thereof. That Kirwin, about the 16th day of January, 1858, it being the same day that French was appointed township treasurer, or but a short time thereafter, became and was surety upon the bonds of said French to said corporation, for the security of said school funds.

That at the time said French was appointed treasurer, he had no personal funds, and did not have thereafter until his death, save and except his salary at the rate of some $600 per year, which sum was scarcely sufficient for the support of his family, and that Kirwin well knew the same. That French held the school funds aforesaid, for the use of said corporation, to the amount of $3,000, or thereabouts; which funds French deposited in Kirwin's office in his own name, with the knowledge and approbation of Kirwin. That French died insolvent and intestate. That Kirwin died, leaving a will appointing Mary Ann Kirwin, his wife, executrix, and that afterwards Henry Stevens was appointed administrator of the estate of Kirwin.

The remaining material facts are stated in the opinion.

After hearing and argument, the court, ISAAC G. WILSON, Judge, rendered the following decree:

" It is ordered, adjudged and decreed by this court, that Henry Stevens, administrator of the estate of Francis M. Kirwin, deceased, pay and deliver over to the said complainants, or to their solicitor, the said bag so by him received, as aforesaid, containing the said sum of two hundred and seventy-five dollars in silver, or its full equivalent, to wit, a sum in value equal to the sum of two hundred and seventy-five dollars in silver, within ten days from the date hereof, and to take the receipt of said

complainants, or their solicitor, therefor, which said receipt shall be a voucher to said estate for the payment of said sum, not only as against the complainants and their successors, but also as against the estate and legal representatives of the said Rolla French, deceased; and upon the same being filed and spread upon the records of this court, the said complainants and the legal representatives of the said Rolla French, and each of them, shall be forever barred from in any manner recovering said specific sum of two hundred and seventy-five dollars from the estate of the said F. M. Kirwin, deceased, and the said complainants shall also be barred from ever having and maintaining any action against the estate of said French and his sureties for said specific sum of two hundred and seventy-five dollars, so found in the vault of said Kirwin, as aforesaid, from and after the filing and recording of said receipt, as aforesaid. And it is also further ordered and decreed by this court, that nothing in this decree, or the proceedings herein, shall in any wise affect, invalidate or bar any proceedings, actions or causes of action, either in law or equity, which the said complainants may have against the estate of the said F. M. Kirwin, or as against the estate of the said Rolla French, save and except as to said specific sum of two hundred and seventy-five dollars, as above specifically decreed to be paid, by said Henry Stevens, to said complainants, or their solicitor, in money, as aforesaid. It is also further adjudged and decreed by this court, that the master's fees in this case be paid by the said defendant, Henry Stevens, administrator of said Kirwin, deceased, in the course of administration upon said Kirwin's estate. It is further ordered, adjudged and decreed by this court, that no costs are to be taxed against the administrator of the estate of said Rolla French, nor as against said complainants, they being school trustees, and by law exempt from all costs in the prosecution of suits in their official capacity, as in this case."

EASTMAN & BOTSFORD, and J. L. BEVERIDGE, for Plaintiffs in Error.

W. D. BARRY, for Defendants in Error.

BREESE, J. There can be no doubt, from the evidence, that the money French received of West and Moore at Geneva, on the 20th of March, 1858, on the check or order of David Higgins, the school commissioner, was deposited by French in Kirwin's bank in his own name, and amounted to twelve hundred and ninety-two dollars and thirty-seven cents. The school

fund had no account in that banking house, French, the treasurer, making all his deposits of school money to his own credit.

Of this money, received on Higgins' check, on the 20th of March, one bag of silver, containing two hundred and seventy-five dollars, is identified by witnesses as being in the bank vault, after the death of Kirwin and French, by the tag or label with the name of W. B. West upon it, and tied to the bag, and was paid over to Stevens, the administrator of Kirwin. For this amount the trustees of schools of the township, the appellants here, have obtained a decree against the estate of Kirwin.

From this decree the trustees have taken this appeal, insisting that the Circuit Court should have decreed the whole balance of the amount deposited by French with Kirwin.

The facts show that French was the clerk and teller in Kirwin's banking house, and that Kirwin was one of the securities of French on his bond as township treasurer, and became so with the distinct understanding and agreement with French that he should deposit in his bank all the moneys he received as school moneys. It is idle to pretend that Kirwin did not know that the large deposits made by French, from time to time, were school moneys, for it is proved that French had little or no means beyond his salary, which was absorbed by his household expenses, and no resources, or very small, from any other quarter. He was not a moneyed man, or accustomed to handle or deal in large sums on his individual account, during the time he was treasurer, and in Kirwin's employment in his bank. The conclusion is irresistible that Kirwin knew that these moneys belonged to the township school fund, and he allowed them to be mixed up with the general moneys of the bank, and to be deposited in the name of French, as his own proper funds.

Kirwin was then a voluntary trustee of these funds. An important inquiry of a court of equity is, whether property, bound by a trust, has come into the hands of persons who are either bound to execute the trust, or to preserve the property for the persons entitled to it. If the cases on this subject are adverted to, it will be found that trusts are enforced, not only against those persons who are rightfully possessed of trust property, as trustees, but also against all persons who come into possession of the property bound by the trust, with notice of the trust; and whoever so comes into possession, is considered as bound, with respect to that special property, to the execution of the trust. This court held this doctrine in the case of *Norton et al.* v. *Hixon, post.*

It is not necessary, if the trust be moneys, that the particular coin or kind of money, or the individual pieces, shall be identi-

fied, in order to pursue it, but its identity as a fund must be preserved so that it can be distinguished from all other money. So long as it can be followed as a separate and independent fund, distinguishable from any other fund, it can be pursued. *U. States* v. *The Inhabitants of Waterborough*, Daveis Cir. C. R. (Maine District) 159.

This is the ground chiefly relied on by the appellants for an enlarged decree in their behalf. To this they would be entitled, if the facts established the identity of this fund, which they do not. When it was received into the bank, the money was mixed up with the money of the bank, and its identity as a fund thereby lost. It never appeared on the books of the bank as a part of the school fund or school money.

All the money found in the vault of the bank, at Kirwin's death, which was but two days prior to French's death, was seven hundred and fifteen dollars and forty-five cents, none of which was identified as school funds, except the two hundred and seventy-five dollars in a certain marked bag.

The means of ascertaining the identity of this fund having failed, by the money having been mixed and confounded in a general mass of property of the bank, of the same description, the right to pursue it must also fail. Had it been proved that a fund in separate bags or parcels was found in the bank, of the precise amount received by French from the collector, a presumption might reasonably arise, that they were the identical school moneys. No such proof is made, nor is any fact established from which any other inference can be drawn, than the one drawn by the court, and for which the decree passed.

There were no costs taxed against the school trustees; and as to those awarded against Stevens, administrator, they are to be paid in due course of administration, all which is in conformity with law.

The decree is affirmed. *Decree affirmed.*