OSCAR D. WETHERELL, Assignee,

*v.*

ELLEN O'BRIEN.

*Filed at Ottawa January 18, 1892.*

1. BANK DEPOSIT—*whether general or special.* A deposit of a sum of money was made with a bank, to be kept by the bank until it could invest the same in a mortgage on real estate, and a bank book was delivered to and accepted by the depositor, showing that the bank was debtor to him in such sum, and the money was mixed with the other moneys of the bank. It was *held*, that the deposit was a general one, and created the relation only of debtor and creditor, and no trust attached to the money so deposited.

2. Where money is deposited with a bank and a pass book given to the depositor showing such deposit, the entries in the pass book are evidence of indebtedness, and will amount to an implied contract on the part of the bank to restore, not the same funds, but an equivalent sum, as the same may be demanded by check.

3. SAME—*whether depositor is entitled to preference.* Money which is delivered to a bank, even though it may be for some specified purpose, as, for investment in a mortgage security, but has been mingled with the funds of the bank, the depositor will not be entitled to preference in payment above any other creditor, in the administration of the estate of the bank on a voluntary assignment.

4. BAILMENT—*distinguished from debt.* If the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment; but where the obligation is to return other things of the like kind and equal in value, it becomes a debt.

5. TRUST—*beneficial owner may pursue trust property if it can be identified.* Where a trustee changes the form of the trust property, the right of the beneficial owner to reach it and compel its transfer may still exist if the property can be identified as a distinct fund, and is not so mixed up with other property that it can no longer be specifically separated. If its identity can not be traced and shown, resort must be had to the personal liability of the wrong-doing trustee.

6. SAME—*identification of fund.* While it may not be necessary to point to the particular pieces of money or particular bank bills that were deposited with the trustee, if the trust property be money, yet there must be a preservation of the distinctness of the trust fund. The means of identifying the fund fails when the money has been mixed and confounded in a general mass of property of the same kind.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. E. L. BARBER, and Messrs. GIBBONS & KAVANAGH, for the appellant:

There was no agreement to return the specific money given to Roberts, but it was expressly agreed that this money should not be returned to Mrs. O'Brien, but should be loaned for her. This is no bailment or special deposit. *Lonergan* v. *Stewart*, 55 Ill. 44; Jones on Bailments, 102; *Herd* v. *West*, 7 Cow. 752; *Newton* v. *Woodruff*, 2 Conn. 153; *Ewing* v. *French*, 1 Blackf. 353; *Chase* v. *Washburn*, 1 Ohio St. 244; *Schumacker* v. *Hintz*, 5 Wis. 116; *Union Nat. Bank* v. *Goetz*, 35 Ill. App. 396.

Mr. C. M. HARDY, for the appellee:

As to the right to pursue the trust fund, see *School Trustees* v. *Kirwin*, 25 Ill. 73; *Pennell* v. *Deffel*, 4 DeGex, M. & G., 372; 2 Morse on Banks, secs. 590, 567.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

Melville T. Roberts conducted a banking business in Chicago. His bank was called and known as the Thirty-first Street Bank. He failed and made an assignment for the benefit of creditors on June 27, 1890. The assigned estate passed into the control of the County Court of Cook County under the Assignment Law of this State.

Theretofore, the sum of $1900.00 came into the hands of Michael Gerrity, as the executor of the estate of John O'Brien, deceased. On February 17, 1890, Gerrity and Ellen O'Brien, the widow of the deceased, went together to the Bank of Roberts and there left the said money in the manner hereinafter stated.

On March 5, 1891, said Ellen O'Brien filed her petition in the County Court in the matter of the Estate of said Roberts, alleging, that in February, 1890, she left with and entrusted to Roberts at his bank $1900.00 to be safely kept by him in trust for the heirs of said John O'Brien, until it should be invested by him in good and sufficient real estate security in pursuance of an order of the Probate court; that Roberts, when he assigned, had already made negotiations to loan the money, and a mortgage to secure the same was to be executed on June 30, 1890; that she did not deposit the money with him as a banker, but left it with him as a broker, and as her agent, in trust for the specific purpose aforesaid; that she is not a creditor of the insolvent, and that the money so entrusted to him forms no part of the fund due or to be distributed to his creditors through the orders of the County Court. The Petition prays that the assignee may be directed to pay her at once the sum of $1900.00 out of the money in his hands.

The assignee answered the petition, alleging, that the money was deposited under the agreement, that, at some future time, the insolvent might loan it out upon real estate security, but that, in the meanwhile, it was to be deposited in the savings department of the bank to draw interest; that the deposit was made with the insolvent as a banker and was entered regularly upon the books in the savings department of the bank, and was to draw interest the same as any other savings account. The answer denies, that the money was deposited in trust for the specific purpose stated, but alleges that it was a matter of convenience as to when the money was to be loaned, and, that the insolvent turned over to his assignee less than $100.00, and that petitioner is a general creditor, and has no greater rights than any other of the general creditors.

After proofs taken and hearing had, the County Court entered a decree sustaining the theory of the petition, finding that the money passed into the hands of the assignee coupled with and subject to said trust, and remains under his control

in trust, and that the creditors of the insolvent are not entitled to any distributive share of it, and ordering that the assignee pay said sum to the petitioner's solicitor.    The Appellate Court has affirmed the decree of the County Court, and the case is brought here by appeal.

The facts shown by the evidence are substantially as follows:  When Gerrity and Mrs. O'Brien went to the Bank on February 17, she had the money, and delivered it into the hands of Roberts.    A conversation occurred between Gerrity and Roberts in the bank outside of the counter, behind which was Mooney, the cashier.    Mrs. O'Brien did not take part in the conversation, and apparently did not hear it.    Gerrity told Roberts, that Mrs. O'Brien wanted him to loan the money out as soon as he could upon a good real estate mortgage; that she wanted to leave it with him until it could be so loaned; that he should take care of it until he could find a place to lend it.    Gerrity says he told Roberts, that she wanted no interest while it was in his hands, but Roberts does not remember that anything was said about interest.    When the money was handed to Roberts, he made out a deposit ticket in the presence of Gerrity, and handed the ticket and the money through the window to Mooney, the cashier.    The deposit ticket, or slip, had upon it the words: "Deposited for account of Ellen O'Brien:" also the day of the month, the amount, the number of the savings' account, an initial of Roberts' name, and an abbreviation of the word, "Savings," showing that the account was to go into the Savings department. Mooney handed to Mrs. O'Brien, and she accepted, a passbook, upon the inside of which was the following: "Dr. Thirty-First Street Bank in acc't with Ellen O'Brien, Cr. February 17.    To cash, M. $1900.00."    Upon the cover of the Pass Book was the following: "Thirty-First Street Bank, Chicago, Illinois.    In account with Ellen O'Brien," and a notice as to the mode of checking out money.    The cashier took the money, and entered and posted it in the savings' department in accord-

ance with the deposit slip. Gerrity saw Roberts in May and suggested buying Building Society stock, but Roberts discouraged this and advised the real estate loan, though he had not yet made such a loan. On June 15 or 16, Gerrity saw Roberts again, and he then said he thought he had made a mortgage loan, and that the mortgage was to be executed upon the 30th, but the loan was not effected before the failure on the 27th. There was no evidence of any order by the Probate Court for the investment of the money in a real estate mortgage, but Gerrity was allowed to state that the Probate Judge told him to make such an investment.

Under the facts as thus stated the appellee is not entitled to be paid in full in preference to the other creditors, but must share with them in the assigned estate. There was, here, no case of bailment or special deposit. When the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment, but when the obligation is to return other things of the like kind and equal in value, it becomes a debt. (*Lonergan* v. *Stewart*, 55 Ill. 44). The parties did not contemplate, that the same identical money received by Roberts, or his Bank, was to be kept for the appellee, and returned to her. Nor was the money delivered to Roberts, or the Bank, as a special deposit. The deposit was a general one. In the presence of appellee, or her agent, Gerrity, the money was handed over to the cashier of the Bank, and she received in return therefor a bank or pass book, in which the money was credited to her account and charged to the Bank. The relation of creditor and debtor was thereby established between herself and the Bank. The entries in a bank or pass book are evidence of indebtedness. (*Schalucky* v. *Field*, 124 Ill. 617). Where there is an ordinary general deposit with a bank, there is an implied undertaking on its part to restore not the same funds, but an equivalent sum whenever it is demanded. (*Brahm* v. *Adkins*, 77 Ill. 263). Where such a pass-book, as that given to the appellee, is held by a depositor,

the latter has the right to check against the fund deposited. Although it may have been true, that Roberts was to buy a bond and mortgage for the appellee when an opportunity offered to do so, yet it would have been necessary for the appellee to surrender her bank-book when the mortgage was turned over to her, or to give the Bank her check for the amount of the deposit in exchange for the mortgage. It would not have been prudent for the Bank to part with the mortgage, without taking up the evidence of indebtedness against itself furnished by the outstanding bank-book. It is, therefore, clear that appellee controlled the deposit, until the mortgage investment should be obtained.

When money, which is delivered to a bank, even though it be for some specified purpose, as, for instance, investment in a mortgage security, has been mingled with the funds of the Bank, as was done here, there is no reason why the depositor should be preferred above any other creditor. Where a trustee changes the form of the trust property, the right of the beneficial owner to reach it, and compel its transfer, may still exist if the property can be identified as a distinct fund, and is not so mixed up with other moneys or property that it can no longer be specifically separated. "If the trust property has been transferred to a *bona fide* purchaser for value without notice, or has lost its identity, the beneficial owner must, and under other circumstances he may, resort to the personal liability of the wrong-doing trustee." (2 Pomeroy's Eq. Jur. sec. 1058). Where a trustee has converted a trust fund into money, and mingled it with his other moneys, so that it cannot be separated from the latter, the beneficial owner occupies the position of a general creditor of the estate, and cannot follow the fund into the hands of an assignee for the benefit of creditors. (*The Ill. Tr. and Sav. Bank of Chicago* v. *Smith*, 21 Blatchford, 275, and cases there cited). Its identification is a prerequisite to the exercise of the right to follow it. (2 Story's Eq. Jur. sec. 1259). While it may not be necessary

to point to the particular pieces of money, or the particular bank-bills, that were deposited with the trustee, if the trust property be money, yet there must be a preservation of the distinctness of the trust fund.   The means of ascertaining the identity of the fund fails, where the money has "been mixed and confounded in a general mass of property in the bank of the same description." (*Doyle* v. *Murphy*, 22 Ill. 502; *School Trustees* v. *Kirwin*, 25 id. 73).   We have said in the recent case of *Union Nat. Bank* v. *Goetz*, 138 Ill. 127, "that trust funds can only be pursued when they can be clearly distinguished from other property held by the trustee, or by those representing him."

In the present case, the proof shows that the savings' ledger of the Bank contains an entry of the appellee's account taken from the deposit slip.   The cashier testifies: "There was no difference between this deposit and any other deposit in the savings department; it came in just the same and was entered just the same as any other savings account." It so remained for over four months, and was paid out, with the other monies of the Bank, from time to time in the regular course of business upon the checks of depositors.   It is clear that it was impossible, when the assignment was made, to identify the money of the appellee as a separate trust fund, distinct from the other monies of the bank.

The judgment of the Appellate Court and the decree or order of the County Court are reversed, and the cause is remanded to the latter court with direction to proceed in accordance with the views here expressed.

*Judgment reversed.*