Zerwick v. Weir.

---

## Louis Zerwick v. Marshall W. Weir, Assignee.

1.  SCHOOL MONEYS—*General and Special Deposits.*—Where a school treasurer makes a general deposit of his moneys in a bank without orders to keep it separate and apart from the bank's money, and in consequence it becomes so mingled that its identity is lost, the treasurer will have no priority for its payment out of the fund in the hands of the assignee of the bank.

**Voluntary Assignment Act.**—Proceedings in the County Court of St. Clair County; the Hon. EDWARD C. ROADS, Judge, presiding.   Finding and judgment for the defendants; error by claimant.   Heard in this court at the August term, 1898.   Affirmed.   Opinion filed March 10, 1899.

Louis Zerwick, in October, 1889, was appointed school treasurer of T. 2 N., R. 6 W., of St. Clair county, Illinois, and as such qualified and filed his bond, with Henry Seiter, James B. Baker and C. J. Reuter as sureties.   Zerwick, as

school treasurer, deposited school money in the bank of H. Seiter & Co., and kept a bank book and checked against the amount deposited.

The money deposited from time to time by Zerwick was mingled with the moneys of the bank. Zerwick, for his own accommodation and others, requested the paying teller of the bank to pay all school orders presented by teachers and others from time to time, and, at the bank's request, would give his check as school treasurer and take up these orders. There is no evidence that there was a request or instruction given by Zerwick to keep this school money separate in the bank for a special purpose. It was mingled with other moneys in the bank. On December 10, 1894, Seiter made an assignment. Zerwick had then to his credit as school treasurer, $2,116.62, school money. After Seiter's default, Zerwick paid said sum of money to the township out of his private funds. Thereupon Zerwick filed his claim for $2,116.62 with the assignee within the three months of the publication made by the assignee to file claims.

No exceptions were taken to the filing of this claim. On September 13, 1897, Zerwick filed a petition praying for a petition for a classification of his claim as a preferred claim. Objections were made to this petition and upon the hearing the court denied the prayer of the petition. Plaintiff in error excepted to this ruling of the court and brings it here on error for review.

Merrills & Mooneyham, attorneys for plaintiff in error.

Horner & Winkelman, attorneys for defendant in error.

Turner & Holder, attorneys for the assignee.

Mr. Justice Worthington delivered the opinion of the court.

In this case the money deposited went into the general fund. It was increased from time to time as the treasurer received school moneys, and decreased as it was checked out

or paid on vouchers. Seiter knew that it was school money, but testifies that it was not a special deposit, no orders being given to keep it separate and apart from the bank's money. It is not claimed that it could be followed and identified in the assignee's hands. Being so mingled and its identity lost, plaintiff in error has no priority for payment out of the fund in the hands of the assignee. School Trustees v. Kirwin, 25 Ill. 73; Union Nat. Bank of Chicago v. Goetz, 138 Ill. 135; Wetherell v. O'Brien, 140 Ill. 146.

This case being similar in principle to the case of Emma J. Kneisley et al. v. M. W. Weir, decided at this term of court, reference is made to the opinion filed in that case for a fuller discussion of the question involved.

Judgment affirmed.