Kneisley v. Weir.

Emma J. Kneisley, by Elizabeth Kneisley, Her Next Friend, Ida B. Kneisley, and James D. Baker, Guardian of Ida B. and Emma J. Kneisley, v. M. W. Weir, Assignee.

1.  TRUST FUNDS—*Priority When Mixed with Other Funds.*—Where the identity of a trust fund is lost by reason of its having been mingled with other funds, as against general creditors, the owners of the fund have no priority.

2.  SAME—*Identity of, When on Deposit—Priorities.*—It is not necessary if the trust be moneys, that the peculiar coin or kind of money, or the individual pieces, shall be identified, in order to pursue it, but its identity as a fund must be preserved so that it can be distinguished from all other money. So long as it can be identified as a separate and independent fund, distinguishable from any other fund, it can be followed.

3.  SAME—*When Funds Can Be Followed.*—Trust funds can only be followed when they can be clearly distinguished from other property held by the trustee, or by those representing him.

4.  CESTUI QUE TRUST—*When Remitted to the Position of a General Creditor.*—Where a trust fund which possesses all the attributes of a

separate and distinct identity has been so mingled with other funds as to render its identification impossible, the *cestui que trust*, in the event of the insolvency of the trustee, will be remitted to the position and rights of a general creditor.

5. EQUITABLE LIENS—*Identity of Property to be Charged.*—It is indispensable to an equitable lien that the property intended to be charged should be identified or described with a reasonable degree of certainty.

**Voluntary Assignments.**—Proceedings in the County Court of St. Clair County; the Hon. EDWARD C. ROADS, Judge, presiding. Finding and judgment for defendants; error by petitioners. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

On the 12th of April, 1889, James D. Baker was appointed guardian of Ida B. Kneisley and Emma J. Kneisley, they being minors. He gave bond with Louis Zerwick and Henry Seiter as sureties, and took possession of the fund belonging to his wards. Baker and Seiter were, at that time, partners in the banking business, under the firm name of H. Seiter & Co.

Baker deposited the money of his wards in the bank of H. Seiter & Co., in the name of James D. Baker, guardian, and took a pass-book, showing the deposit. Seiter had knowledge of the character of the fund. In November, 1892, Baker withdrew from the firm, leaving the fund in the bank, which from that date was conducted by Henry Seiter.

On December 10, 1894, Seiter made an assignment to M. W. Weir, who qualified and is now acting as assignee. He filed his report in the County Court as assignee, showing the property received by him and the claims filed against it. Among these claims was a claim filed by Baker, as guardian, for $2,254.09, which was allowed, but was classified with the claims of the common creditors, and given no preference as a trust fund. To this report of the assignee, exceptions were filed by Baker, as guardian, and by Emma J. Kneisley, by Elizabeth Kneisley, her next friend, and by Ida Kneisley in her own right, she having attained her majority. The point of the exceptions is that the fund should have been classed as a trust fund, and should have been given priority in payment over the claims of general creditors. The exceptions were overruled. This ruling of

the County Court is assigned as error and is before us for review.

Merrills & Mooneyham, attorneys for plaintiffs in error, contended that guardian funds are trust funds and that guardians are trustees.   In re William Steele et al., 65 Ill. 324; Dougherty v. Hughes, 165 Ill. 393.

Where one comes into possession of trust funds, with notice of the trust, he is bound to execute the trust.   Price v. Reeves, 38 Cal. 460; Sharp v. Goodwin, 51 Cal. 219.

If a partner uses trust money in the partnership business, with the knowledge of the firm, the firm will be liable and must answer for the breach of trust.   Englar v. Offutt, 70 Md. 78; Ex parte Heaton, Buck. 386; Stokes v. Little, 65 Ill. App. 255; Lindley on Partnership, 5th Ed., 161.

Winkelmann & Hobner, attorneys for defendant in error.

A party setting up a claim of a specific lien upon the goods of his debtor, in the hands of an assignee, under an assignment for the benefit of his creditors, must establish his right thereto.   The burden of proof rests on him, and not the other creditors, to disprove his claim.   Union Trust Co. v. Trumbull, 137 Ill. 146.

The principle upon which a trust fund is pursued and its proceeds held subject to the trust, is, that the trustee has wrongfully, and contrary to the intention of the owner, converted it, and when there has been a commingling of funds, or property, that it has been done without the consent of the *cestui que trust.*

If any property in its original state and form is covered by a trust in favor of the principal, no change of that state and form can divest the property of such trust, or give the agent or trustee converting it, or those who represent him in right (not being *bona fide* purchasers), any more valid claim in respect to it than they had before such change. It matters not in the slightest degree into what other form, different from the original, the change may have been made

for the product of a substitute, for the original thing still follows the nature of the thing itself, so long as it can be ascertained to be such. Union Natl. Bank of Chicago v. Goetz et al., 138 Ill. 127; Wetherell v. O'Brien, 140 Ill. 146; Mutual Accident Ass'n Co. v. Jacobs, 141 Ill. 261; Bayor v. Am. Trust & Sav. Bank, 157 Ill. 62.

TURNER & HOLDER, attorneys for the assignee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

There are no doubtful issues of fact in this case. Baker, as guardian, with Seiter a surety on his bond, in 1889, deposited the moneys of his wards in the bank of H. Seiter & Co., the firm being composed of himself and of Henry Seiter. What the amount so deposited was does not appear. The funds of the wards remained in said bank on deposit until November, 1892, when Baker withdrew as a partner. From that time they remained on deposit with Seiter until the date of his assignment, December 10, 1894. The evidence of the deposit was a pass-book, or a bank-book, presumably such as is held by depositors who check upon their funds in bank. It is not claimed that the fund was kept separate and apart, or that in any way it can be followed or identified. On the contrary, counsel for plaintiffs in error say in their reply brief, "the fund was mingled by Seiter and the burden is upon him to identify his own."

It was in fact treated as the moneys of other depositors were treated.

The law is well settled by numerous decisions of the Supreme Court of this State, that where the identity of a trust fund is lost by reason of its having been mingled with other funds, that as against general creditors, the owners of the fund have no priority.

If this case was the only one pending in this court involving the question, a brief reference to authorities is all that would be made. But as there are several cases in which the defendant in error, as assignee, is a party, and in

which the claim for priority of trust funds is ably and persistently urged, a fuller reference may not be out of place.

School Trustees v. Kirwin, 25 Ill. 73, is an early case in this State, and has been frequently cited and followed. It is in all material points on all fours with the present case. French was a school treasurer and a clerk in the bank of Kirwin. He deposited school funds in the bank in his own name, Kirwin knowing that it was school money, and that French was treasurer. French died insolvent. Kirwin died, and Henry Stevens was appointed administrator of the estate.

In a proceeding by bill filed by the school trustees against the administrator to have the school money deposited turned over to them, the court decreed that a bag of silver containing $275, and identified as money deposited by French, should be delivered to the trustees, but refused to turn over unidentified money in the hands of the administrator. The court in this case says: "Kirwin was then a voluntary trustee of these funds. * * *

It is not necessary if the trust be moneys, that the particular coin or kind of money, or the individual pieces, shall be identified, in order to pursue it, but its identity as a fund must be preserved so that it can be distinguished from all other money. So long as it can be followed as a separate and independent fund, distinguishable from any other fund, it can be followed. * * * All the money found in the vault of the bank, at Kirwin's death, * * * was $715.45, none of which was identified as school funds, except the $275 in a certain marked bag. The means of ascertaining the identity of this fund having failed, by the money having been mixed and confounded in a general mass of property of the bank, of the same description, the right to pursue it must also fail."

According to the doctrine laid down in this decision, Seiter, who was a surety on Baker's bond, and a partner with him in the bank when the money was deposited in Baker's name as guardian, and after Baker's withdrawal as a partner the sole owner of the bank, became and was a volun-

tary trustee of the fund. From 1889 to 1894—five years— the fund was mixed and used with money of the bank. The test, then, as stated in the Kirwin case, accurately applies. This test is approved in Clapp et al. v. Emery, 98 Ill. 531; Kirby, Ex., v. Wilson, 98 Ill. 240; Union Nat. Bank of Chi. v. Goetz, 138 Ill. 135.

In this latter case citations of decisions in other States are made affirming the same doctrine, and also a statement of the principle from Story's Equity Jurisprudence. Summing these up the court says:

"Many other cases might be cited, but enough has been shown to clearly indicate the line of decisions holding the doctrine that trust funds can only be followed when they can be clearly distinguished from other property held by the trustee, or by those representing him, and that this court is fully committed to that rule."

In Wetherell v. O'Brien, 41 Ill. App. 142, the Appellate Court of the First District announced a different doctrine In this opinion, after citing the Kirwin case, it is said:

"We acknowledge our obligation to follow the lead of the Supreme Court, but where a generation has passed during which the point has not arisen in this State, and has been often elaborately considered by courts of the highest respectability in other States, and by them decided adversely to early decisions in this State, we feel at liberty to refer the question anew to our superiors."

The reference by appeal found in Wetherell v. O'Brien, 140 Ill. 151, resulted in a re-examination of the question, a citation of authorities, a reversal of the decision of the Appellate Court and an adherence to the previous decisions of the Supreme Court. In this case the court say:

"When a trustee has converted a trust fund into money and mingled it with his other moneys so that it can not be separated from the latter, the beneficial owner occupies the position of a general creditor of the estate, and can not follow the fund into the hands of an assignee for the benefit of creditors. Its identification is a pre-requisite to the exercise of the right to follow it. While it may not be necessary to point to the particular pieces of money, or to the particular bank bills that were deposited with the trustee, if the trust property be money, yet there must be a preserva-

tion of the distinctness of the trust fund. The means of ascertaining the identity of the fund fails when the money has been mixed and confounded in a general mass of property in the bank of the same description."

In Bayor v. American Trust & Savings Bank, 157 Ill. 68, the court say : " It has frequently been announced as the law of this State that even in a case where a definite and actual trust fund which possesses all the attributes of a separate and distinct identity, has been so mixed and mingled with other funds as to render identification impossible, the *cestui que trust*, in the event of the insolvency of the trustee, is remitted to the position and the rights of a general creditor." Citing Trustees of Schools v. Kirwin, 25 Ill. 73; Otis v. Gross, 96 Ill. 612; Wetherell v. O'Brien, 140 Ill. 146; Union Nat. Bank v. Goetz, 138 Ill. 127; Mutual Accident Ass'n v. Jacobs, 141 Ill. 261.

These cases are cited with approval in Lanterman v. Travous, 174 Ill. 465, affirming the same case reported in 73 Ill. App. 670. The case of Halle v. Park Nat. Bank, 140 Ill. 421, cited by counsel for plaintiffs in error, does not hold differently. It is not a case between creditors claiming payment out of a fund in the hands of an assignee, and *cestui que trust* claiming priority of payment from the same fund when their money is mingled with the mass and can not be identified.

The court in this case say :

" It need scarcely be said there is no similarity between this case and National Bank v. Goetz, School Trustees v. Kirwin, and Taylor v. Turner, cited by plaintiff in error. Here was an express trust. The fund is still in the hands of the trustee. *No one* is interested in it except himself and the *cestui que trust*. There is no attempt even to enforce a lien upon his general assets. He is simply asked to pay over the money in discharge of his trust."

Neither does the case of Union Trust Co. v. Trumbull, 137 Ill. 146, support the contention of the plaintiffs in error. In fact it recognizes the doctrine of a necessary identification in the following words : " The rule is that it is indispensable to an equitable lien that the property

intended to be charged should be identified or described with a reasonable degree of certainty."

And again: "It is conceded, that in order to support an equitable lien there must be an ascertainment and identification of the property which is the subject of the lien."

This case also holds that the burden is upon the party claiming an equitable lien to prove the facts entitling it to a lien, and not upon others to disprove it.

There being no identification of the fund claimed by plaintiff in error, and it being apparent that it had been mixed and used with the money of the bank, both during the partnership of Seiter and Baker, and afterward while the bank was conducted by Seiter alone, it follows that there can be no priority of payment from the common fund in the hands of the assignee.

The County Court was then right in overruling the exceptions to the assignee's report and its judgment is affirmed.