### Eutie E. Woodhouse v. Lyman E. Crandall, Receiver, etc.

1. BANKS AND BANKING—*Deposits—When Special and When General.*—A deposit is general unless expressly made special or specific, or the circumstances are such as to imply that it is not meant to be general, as where money is deposited inclosed in a box or bag, or sealed up. Whenever a bank has a right to mingle the deposit with moneys of its own and treat it as a debt due from it to the depositor, or even though it is trust property given to the bank on condition that it will pay a certain sum to the *cestui* during his life, the deposit is general. In the absence of evidence to show that it is the duty of the bank, by agreement expressed or clearly implied, to keep the funds and their investment separate, it must be treated as a general deposit.

Intervening Petition, of a depositor in an insolvent bank. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

THORNTON & CHANCELLOR and JOHN M. GRIMES, attorneys for appellant.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee is receiver of the former banking firm of Meadowcroft Brothers—he having been appointed such in or about June, 1893—and the prayer of the petition of appellant is that he be ordered to pay the deposit mentioned as a preferred claim against such firm.

On or about March 15, 1893, one Charles F. F. Woodhouse, since deceased, leased to the petitioner, F. P. Furlong, certain premises in the city of Chicago. By the terms of said lease it was agreed that said Furlong should deposit with Meadowcroft Brothers as security for the faithful performance of the covenants of said lease on his part to be performed, the sum of $1,500, which said sum of money should remain with said Meadowcroft Brothers, for the purposes set forth in said lease.

Thereupon, said Furlong went to the office of said Meadowcroft Brothers, and there delivered to Frank R. Meadow-

croft, one of said firm, in his private room in the bank, the sum of $1,500 in currency, and received from said Meadowcroft a receipt as follows:

"CHICAGO, ILL., March 15, 1893.

Received of F. P. Furlong the sum of fifteen hundred dollars, to be by us held for a period of one year from this date, except upon the happening of the contingency hereinafter mentioned—as security for the faithful performance by said Furlong of his covenants in a certain lease of this date, wherein the said Furlong is lessee and Charles F. Woodhouse is lessor, and the premises demised are the rear room on La Salle street, number 4, in the basement of the building known as the La Salle Block, corner of La Salle and Madison streets, Chicago, Illinois. Such portion of said sum as will satisfy whatever damage the said Woodhouse may sustain by the default of the said Furlong in the performance of the said covenants of said lease, to be paid by us to the said Woodhouse; and, after the expiration of six months of the term of said lease, and upon the conditions provided in said lease for so doing, said sum to be held by us to the credit of said Woodhouse, and paid to him, Woodhouse, in six equal installments of two hundred and fifty dollars each, one installment on the first day of November, A. D. 1893, and one installment on the first day of each succeeding month thereafter during the term of said lease.

MEADOWCROFT BROTHERS."

Furlong then left the bank, taking with him the receipt. After Furlong went away, the money was turned over by Meadowcroft to one of the tellers in the bank and mingled with the funds of the bank. And as a method of keeping account of the money, Furlong not keeping any account in the bank, and Meadowcroft Brothers' receipt for the money being outstanding, Meadowcroft made out and pinned to the duplicate or copy of the receipt retained by him, a certificate of deposit to Meadowcroft Brothers for the same amount. It was as follows:

"Certificate of Deposit.
Not subject to check.
Established 1860.
No. 3280. Meadowcroft Bros., Bankers,
N. W. Corner Dearborn and Washington Sts.
CHICAGO, ILL., March 18, 1893.
F. P. Furlong has deposited in this bank fifteen hundred

and no-100 dollars, payable to the order of Meadowcroft Bros., in current funds on the return of this certificate properly indorsed, with interest at the rate of four per cent per annum if on deposit six months.
$1,500.                        MEADOWCROFT BROS. Cashier."

This certificate of deposit and the mingling of the money with the general deposits of the bank, was not known by Furlong or by Woodhouse, and the certificate was never delivered to anybody.   It was simply pinned to the receipt as a part of the files of the bank, and was made out as a convenient method of accounting for the $1,500 that Meadowcroft Brothers had given their receipt for, and for identifying the source from which the money was received.

The receipt that was given was prepared for the purpose and taken to Meadowcroft by Furlong.   There is no pretense that it does not express the intention of the parties to it.   It is contended that the deposit was intended by the depositor to be a special deposit, and that it was changed to a general deposit without the knowledge or acquiescence of the depositor, and that therefore the prayer of the petition ought to have been granted and the receiver ordered to pay the fund to the petitioner.

The contract under which the money was received by Meadowcroft Brothers was fully expressed in the receipt. The making of the certificate of deposit formed no part of the agreement under which the money was left with Meadowcroft.   His testimony and that of Furlong is express in that respect, and there is no testimony to the contrary. Looking at the receipt, therefore, to ascertain whether the deposit was special or not, we find nothing in it that indicates the character of the deposit was special.   It was simply the case of a deposit of loose currency, with nothing to indicate that it was to be kept separate from the general funds of the banking firm.   It does not even seem to be the case of a deposit made by a depositor intending that it should be a special deposit, the character of which was changed by the banker to a general deposit, contrary to his duty, or agreement, express or implied.   The distinction between different kinds of deposit is treated of in

Chap. 13 of 1 Morse on Banks and Banking, and we refer thereto. It is said in Sec. 186 of that book:

"A deposit is general unless expressly made special or specific, or the circumstances are such as to imply that the deposit is not meant to be general; as where money is deposited enclosed in a box or bag, or sealed up. Whenever the bank has a right to mingle the funds deposited with its own and treat them as a debt due from it, even though the money may be trust property given to the bank on condition that it would pay a certain sum to the *cestui* during life, the deposit is general. In the absence of evidence to show that it is the bank's duty, by agreement, express or clearly implied, to keep the funds and their investment separate, it must be treated as a general deposit."

Many decisions of our Supreme Court are to the effect that money deposited as this was, is a general deposit, and where the bank has become insolvent, the depositor must be remitted to the position and rights of a general creditor only. Seiter v. Mowe, 182 Ill. 351; Bayor v. Am. Trust & Savings Bank, 157 Ill. 62; Mutual Accident Association v. Jacobs, 141 Ill. 261; Wetherell v. O'Brien, 140 Ill. 146; School Trustees v. Kirwin, 25 Ill. 73.

We have carefully considered the cases cited to us by appellant from the courts of other jurisdictions, but whatever may be thought of them, the rule adopted by our Supreme Court, and consistently adhered to for many years, must control us. The deposit was a general one, and no case was made for a claim against the receiver, as asked by the petition. Affirmed.