Oscar Nelson, Auditor of Public Accounts of the State of Illinois, Appellee, v. Home State Bank of Grant Park, Illinois (H. M. Gerdes, Petitioner), Appellant.

### Gen. No. 8,011.

Opinion filed April 12, 1929.

HUNTER & MINOR, for appellant.

LUTHER B. BRATTON, for appellee *et pro se.*

MR. JUSTICE BOGGS delivered the opinion of the court.

On January 9, 1928, the Home State Bank of Grant Park was closed by the State auditor. Thereupon, a bill was filed in the circuit court of Kankakee county,

alleging the insolvency of said bank, and Luther B. Brayton was appointed receiver. A petition was filed by appellant, setting forth that he was the supervisor of the town of Sumner in said county; that he was also the treasurer of the road and bridge fund and of the hard road fund of said town; that on June 10, 1927, he deposited in said bank the sum of $7,000, and on November 15, 1927, the further sum of $3,442.25, being moneys which he held as treasurer of said hard road fund; that said deposits were evidenced by two certificates "issued by said bank to your petitioner, and providing for the payment of interest thereon at 4% if left in the bank for three months"; that, as treasurer of the road and bridge fund, he deposited in said bank $161.46; that, as such supervisor, he deposited $262.92; "that each of said deposits was made as a trust fund by your petitioner in said bank"; that on April 14, 1928, he filed a claim for said funds with the receiver, and that "no part of said sum has been paid."

On the hearing the court found, among other things, that the petitioner, as supervisor and as treasurer of the foregoing funds, had deposited in said bank the respective amounts mentioned in said petition, and found and decreed "that the petitioner is not entitled to a preference as to any of said funds." To reverse said decree, appellant prosecutes this appeal.

Appellant testified on the hearing that he had been supervisor of Sumner township in said county since 1926; that he was "also treasurer of the road and bridge fund, and of the hard road fund of the township. This pass book I received from the Grant Park bank. . . . When I made the first deposit, I told the cashier I was making the deposit as supervisor, and the money that I then deposited was money belonging to the town of Sumner. There was no part of it my individual property. These entries were made there in the bank, in the pass book and given to me.

. . . . The amounts contained in the pass book is the account of the Home State Bank of Grant Park, debtor, in account with Harry M. Gerdes, Supervisor, creditor; none of these funds were withdrawn by check on my personal account. All the money was public money." On cross-examination he testified: "When I made the deposits, I told them that I was making them as supervisor of the town of Sumner."

Said pass book was admitted in evidence, and is entitled:

> "Home State Bank of Grant Park
> Grant Park, Ill. .
> Capital, $150,000.00
> In Account With
> H. M. Gerdes, Supv.
> Sumner Twp."

In reference to the road and bridge fund, appellant testified: "I told them I was making a deposit for the road and bridge fund, as treasurer of the town of Sumner." In connection with the hard road funds, appellant testified: "I got this certificate of deposit from Mr. Griffin, the cashier, when I made the deposit as treasurer of the permanent road fund. I told them I had the bond money that the township had got for the sale of bonds, and I was going to deposit it. This money was obtained by the sale of bonds issued by the highway commissioners for the purpose of building hard roads. This certificate for $7,000 was money that belonged to that fund, and I was the treasurer."

The two certificates of deposit issued in connection with the hard road fund are as follows:

"70–978    Home State Bank of Grant Park      70–978
              Grant Park, Ill., June 10, 1927.

"This certifies that H. M. Gerdes, Treasurer Hard Road Fund, has deposited in this Bank the sum of $7,000 and no cts Dollars ($7,000.00). Payable to the order of Himself,

"On the return of this certificate properly endorsed with interest at the rate of 4 per cent per annum for all full months if left 3 months.

Norman Griffin,<br>Cashier."

"70–978  Home State Bank of Grant Park  70–978
     Grant Park, Ill., Nov. 15, 1927.  No. 14.
"This Certifies That

"H. M. Gerdes, Treas. Hard Road Fund has deposited in this Bank the sum of $3,442 and 25 cts Dollars $3,442.25. Payable to the order of Self.

"On the return of this Certificate properly endorsed with interest at the rate of 4 per cent per annum for all full months if left 3 months.

Certificate of Deposit.     Norman Griffin,
Not Subject to Check."      Cashier.

The only evidence offered by the receiver was the record with reference to the deposits of $7,000 and $3,442.25, and is as follows:

"Home State Bank of Grant Park<br>Grant Park, Ill.

"Time Certificate of Deposit.

| No. | Date | Name | Address | | Amount |
|---|---|---|---|---|---|
| 11 | 6/10/27 | H. M. Gerdes, Treas. | 3 Mos | 4% | $7000.00 |
| 14 | 11/15/27 | H. M. Gerdes, Treas. | 3 Mos. | 4% | 3442.25" |

It is contended by appellant that said bank held said above mentioned funds in trust, and that as to said funds, the same should be preferred.

Said pass book discloses that appellant's account as supervisor, and his account in connection with the road and bridge funds, were checking accounts. There was no direction given to said bank to keep said funds intact, and there was no agreement by the bank so to do. Said funds passed into the general assets of the bank, and were commingled therewith. This being the state of the record, appellant would not be entitled to a preference.

In *People v. Farmers State & Savings Bank,* Gen. No. 8,012, *post,* p. 662, decided at this term of court, we stated:

"While it has been frequently held that money held in a fiduciary capacity by one who places it in a bank can be recovered from the bank by the beneficiary or *cestui que trust,* where the fund can be traced and identified *(School Trustees v. Kirwin,* 25 Ill. 73–77; *Kirby v. Wilson,* 98 Ill. 240–247; *Woodhouse v. Crandall,* 197 Ill. 104–110; *People v. Iuka State Bank,* 229 Ill. App. 4–10), the particular fund must be capable of identification. There must be a preservation of the distinctness of said fund. *Woodhouse v. Crandall, supra,* 111; *Wetherell v. O'Brien,* 140 Ill. 146–152; *Union Nat. Bank v. Goetz,* 138 Ill. 127–135. The burden of proof is upon the one claiming a specific lien upon assets in the hands of an assignee for the benefit of creditors. *Union Trust Co. v. Trumbull,* 137 Ill. 146–179. In *Baylor v. American Trust & Savings Bank,* 157 Ill. 68, the court says:

" 'It has frequently been announced as the law of this State that even in a case where a definite and actual trust fund, which possesses all the attributes of a separate and distinct identity, has been so mixed and mingled with other funds as to render identification impossible, the *cestui que trust,* in the event of the insolvency of the trustee, is remitted to the position and the rights of a general creditor.' Citing *School Trustees v. Kirwin, supra; Otis v. Gross,* 96 Ill. 612; *Wetherell v. O'Brien, supra; Union Nat. Bank v. Goetz, supra; Mutual Accident Ass'n v. Jacobs,* 141 Ill. 261.''

As to the two certificates of deposit, an examination of the same discloses that the amounts covered thereby were not to be kept intact and returned to appellant, but that appellant was making a deposit, and said amounts, with interest, were to be payable to the order of appellant on the return of the certificate properly

indorsed. The relation of debtor and creditor was therefore created by such deposit. In *Mutual Accident Ass'n v. Jacobs, supra,* the court at page 267 says:

"Where gold or silver coin, or a package of bills or currency, is received in a bank as a special deposit, the identical money to be returned, the bank has no au- thority to use the money in its business,—its duty is to safely keep and return the identical money; but where there is a general deposit, the understanding being that a like sum of lawful money should be returned, the bank is permitted to use the money in its general busi- ness, and the relation of debtor and creditor is created by the transaction."

In *Hunt v. Divine,* 37 Ill. 137, the court had before it the effect of a certificate of deposit similar to those here involved, and at page 142 says:

"To determine the question presented, it must first be ascertained what is the character of the instrument, and as to that, we have only to refer to the case of *Bank of Peru v. Farnsworth,* already cited [18 Ill. 563]. The instrument counted on in that suit was almost identical with the one before us. The court there say, in form, it is a certificate of deposit. But that is not all. It is also an express promise to pay the amount deposited four months from date. . . . The sub- stance and effect of the instrument are precisely the same that they would be, had it declared that for value received the bank agreed to pay Farnsworth the amount in currency on the return of the instrument, with his indorsement, four months from date. If such was the legal effect of the instrument, it is simply a promissory note. No particular form of words is necessary to make a promissory note. Any form of expression containing an absolute promise to pay a certain amount at a time certain, constitutes a promis- sory note. To the same effect are *Laughlin v. Marshall,* 19 Ill. 390, and *Swift et al. v. Whitney et al.,* 20 Ib., 144."

If the certificates here involved are to be given the effect of promissory notes, as held in the foregoing cases, then clearly the position of appellant that said deposits should be held to be a trust fund, for which he would be entitled to a preference, is untenable. The authorities are so numerous in which the Supreme Court has held that deposits of the character here involved create the relation of debtor and creditor and do not entitle the depositor, when a bank becomes insolvent, to a preference over general creditors, that it is not necessary to further cite the same.

It might be observed that the beneficiaries are not attempting to gain a preference; that attempt is being made by appellant, the custodian of said funds.

The trial court properly held that appellant, who was also a director and vice president of said bank, was not entitled to a preference on said claims and its decree is hereby affirmed.

*Decree affirmed.*