MARY GOODELL, in equity, *vs.* WILLIAM G. BUCK *et al.* administrators. R. P. BUCK in equity *vs.* SAME.

Waldo. Decided October 31, 1877.

*Evidence.*

To maintain a bill in equity against an administrator of an insolvent estate, for property received by him, on the ground that it was held by his intestate in trust for the plaintiff, the burden is on the plaintiff to identify the property claimed as held by the intestate in trust for him.

BILL IN EQUITY, submitted upon the following agreed statement of facts :

The complainant, Richard P. Buck, of Brooklyn, New York, is, and has been for some years past, the owner of 3-16 of the ship Mary Goodell. During the five years next prior to March 9, 1876, William McGilvery, late of Searsport, deceased, was agent of the ship Mary Goodell, and in that capacity received the earnings for the owners.

McGilvery received March 6, 1876, the sum of $5578.82, as the earnings of the ship, and declared the same a dividend, and there was due the complainant on said March 6, as his share in the dividend, as declared by McGilvery, the sum of $1046.02, which sum McGilvery received and held in his capacity of agent for the ship, and said sum was not in any other manner entrusted to or held by the said McGilvery.

The following in relation to the dividend aforesaid is from the dividend book kept by McGilvery.

March 6, 1876.   By balance of ledger account,        $5578.82
        To paid owners, viz:

| | | | |
|---|---|---|---|
| Wm. McGilvery, | 1-8 | $697 35. | |
| R. P. Buck, | 3-16 | 1046 02. | |
| Mary Goodell, | 1-8 | 697 35. | |
| James McGilvery, | 1-8 | 697 35. | Credit in account. |
| T. H. Buck, | 1-8 | 697 35: | " " " |
| Jere. Sweetzer, | 1-8 | 697 35. | " " " |
| Bridge, Lord & Co. | 1-16 | 348 67. | " " " |
| Simon Ross, | 1-16 | 348 67. | " " " |
| T. M. Hichborn, | 1-16 | 348 67. | " " " |

                                       $5578 82.

The sum of $5578.82, the dividend received and declared, March 6, 1876, for the ship Mary Goodell, was deposited in the Searsport bank, in Searsport, by McGilvery as other money was deposited, as he kept an open account with the bank.

McGilvery at the time of his death had the following sums on deposit: $4528.90 at the Searsport bank in Searsport; $1375 at the 1st National bank in Bangor; $2400 at the Maverick bank in Boston, all of which said several sums from said banks came into the hands of said administrators.

McGilvery died March 9, 1876. His estate was duly rendered insolvent, and commissioners of insolvency were appointed.

The defendants are his legal administrators, and since their appointment as such, the complainant before filing this bill, demanded of the administrators the sum of $1046.02, the amount due him from the dividend received from the said ship Mary Goodell, by said McGilvery, on March 6, A. D. 1876, and the defendants have refused and do refuse to deliver said sum of money to him, unless so ordered to do by this court. The prayer of the bill is, that the defendants in their capacity as administrators may be decreed to deliver to him said sum of $1046.02, held by McGilvery, in his capacity as agent for the ship Mary Goodell, at the time of his death. There is also a prayer for general relief. The answers of the defendants maintain that there is an adequate remedy at law.

*H. D. Hadlock*, for the plaintiffs.

*J. Williamson*, for the defendants.

LIBBEY, J. Undoubtedly a bill in equity may be maintained against an administrator of an insolvent estate for property held in trust by his intestate, which has come into his hands, if the trust property can be identified. *Thompson* v. *White*, 45 Maine, 445. *McLarren* v. *Brewer*, 51 Maine, 402.

It may be maintained for money so held as well as for other property if it can be identified. *McLarren* v. *Brewer, supra.* *Taylor* v. *Plumer*, 3 M. & S. 562.

But the administrator of an insolvent estate represents all the creditors, and to maintain a suit for money that has come into his

hands and withdraw it from the assets of the estate, on the ground that the intestate held it in trust, the burden is upon the plaintiff to identify the money as the trust fund so held.

If the money was mixed and confounded in the general mass of his property by the trustee, the bill cannot be maintained. Story's Eq. Jur. § 1259.

By the facts agreed the complainant fails to identify any money received by the defendants as the trust fund held by their intestate. McGilvery was a part owner of the ship Mary Goodell, and acted as ship's husband. He received the earnings of the ship, amounting to $5578.82, and deposited the whole sum to his private credit in his general account in the Searsport bank. On March 6, 1876, he made, in his book, a dividend to the owners of the ship, but no money was set apart as belonging to each. He died March 9, 1876, having to his credit in said bank a deposit of $4528.90, less than the dividends due the other owners of the ship. It does not appear by the facts agreed that this credit was made up, in any part, of the money received as the earnings of the ship. Acting as agent for the owners, he received money belonging to his principals, and mixed and confounded it in the general mass of his estate. Failing to identify any money received by the respondents as money held in trust by their intestate, the complainant stands no better than other creditors of the estate.

*Bill dismissed.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.