HENRY WILSON v. WILLIAM COBURN, ASSIGNEE.

[FILED OCTOBER 26, 1892.]

1. **Constitutional Law:** COUNTY COURT: EQUITY JURISDICTION. The constitution does not prohibit the conferring upon the county court of equity jurisdiction except as to the subjects enumerated in section 16, article 6, viz., actions in which the title to real estate is sought to be recovered or may be drawn in question, actions on mortgages and for the conveyance of real estate.

2. **Assignment for Benefit of Creditors:** FUNDS IN HANDS OF ASSIGNEE: JURISDICTION OF COUNTY COURT. The funds of an insolvent debtor which come into the hands of the assignee are within the jurisdiction of the county court, and that court will proceed to determine the rights of the creditors thereto, and, subject to the limitations of the constitution, will grant the proper relief even to the extent of recognizing and enforcing a trust. The jurisdiction of a court of equity in such cases is concurrent only.

3. ———: INSOLVENT BANK: FRAUD IN RECEIVING DEPOSIT: PREFERENCE: MINGLED FUNDS. The fact that a bank is insolvent within the knowledge of its officers, and receives the money of a depositor under circumstances which amount to a fraud upon him, is not of itself sufficient to entitle the latter to preference from the funds of the bank in the hands of an assignee. He may follow his money while he can trace and distinguish it or the proceeds thereof, but not after it has passed into the hands of the assignee, mingled with the other funds of the bank.

4. **Pleading.** PETITION examined, and *held* not to state a cause of action.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Ambrose & Duffie,* for plaintiff in error:

On the facts stated in the petition plaintiff had a right to rescind the contract and reclaim the deposit as between himself and the bank. Where there is fraud, title to the

deposit does not pass to the bank. (*Knowles v. Lord*, 4
Whart. [Pa.], 500; *King v. Fitch*, 1 Keys '[N. Y.], 444;
*Nichols v. Michael*, 23 N. Y., 264.) Assignee is not a
*bona fide* purchaser. (*Donaldson v. Farwell*, 3 Otto [U.
S.], 631; *Housel v. Cremer*, 13 Neb., 300.) Claimant
must seek his remedy in county court and no other court
has right to interfere. (*Hanchett v. Waterbury*, 115 Ill.,
220.)

*Bartlett, Crane & Baldrige, contra.*

Post, J.

The plaintiff filed with the county judge of Douglas
county a claim against the Bank of Omaha, which had
previously made an assignment for the benefit of its cred-
itors, to the defendant in error, sheriff of said county.
From the claim or petition aforesaid it appears that there
is due to plaintiff in error the sum of $107.53 and inter-
est, being a balance deposited in said bank prior to the
assignment thereof. It is further alleged that said bank
was insolvent at the time it received the deposit aforesaid,
within the knowledge of all of its officers, and that the
latter received said money with the intention of cheating
and defrauding the plaintiff in error. He asks to be de-
clared by the court to be a preferred creditor, and for an
order for payment in full out of any funds in the hands of
the defendant in error as assignee of said bank. To this
petition a demurrer was interposed and sustained in the
county court, on the ground that the court had no jurisdic-
tion of the subject of the action, and because the facts
stated did not constitute a cause of action. On petition in
error to the district court the judgment of the county court
was affirmed and the case removed to this court by petition
in error.

It is urged as an objection to the proceeding that the
petition is, in effect, a bill in equity for the purpose of

having declared a trust in favor of the plaintiff in error. That the granting of the relief sought involves the exercise of equitable jurisdiction by the county court must, we think, be conceded. It is, however, an entire misconception of the powers of that court under the constitution to hold that it possesses none of the attributes of a court of equity. There are many subjects over which the county court, as a court of probate, has jurisdiction, which, under the old practice, were cognizable exclusively by the chancery courts. A familiar illustration is the jurisdiction formerly exercised by courts of equity over the accounts of executors and administrators and to enforce the claims of legatees and next of kin. And in some of the states probate courts and courts of equity still exercise concurrent jurisdiction of all matters pertaining to the estates of deceased persons. (*Frey v. Demarest*, 16 N. J. Eq., 236; Hawes, Jurisdiction, 73.)

In Brown on Jurisdiction, 130, it is said: "The jurisdiction of a probate court should, and ordinarily does, extend to all matters necessarily involved in the disposition of the estate. It may be remarked that the jurisdiction of the probate court partakes largely of the chancery powers. When the statute is silent it is sometimes necessary to look to the principles and practices in that court for a guide." The precise question involved is not whether the county court has power to allow a preference in any case in which a court of equity would grant relief, but whether it may determine the rights of contesting creditors of an insolvent with respect to funds which have come into the hands of the assignee, and thus directly within its jurisdiction. Our statute on the subject is entitled "An act regulating voluntary assignments for the benefit of creditors, practice thereunder, and to prevent the fraudulent violation of the same." By its provisions, original jurisdiction appears to have been conferred upon the county court in all matters pertaining to the distribution of property assigned, with

the one exception found in section 20, viz., that the sale of real estate by the assignee shall be confirmed by the district court. It is clear that, upon delivery to the assignee of the personal property of the insolvent bank, the county court acquired jurisdiction over it, and will proceed to determine the rights thereto of all claimants, within constitutional limitations upon its power. The power vested in the county court by the assignment law over the estate of an insolvent upon a general assignment is practically the same as that possessed by it, as a court of probate, over the property of deceased persons. The jurisdiction in either case may involve the exercise of equitable power, and unless it is within some of the constitutional limitations must be sustained. By section 16, article 6 of the constitution, the jurisdiction of the county court is defined as follows:

"County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts, in all matters relating to apprentices, and such other jurisdiction as may be given by general law. But they shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over five hundred dollars; nor in actions in which title to real estate is sought to be recovered, or may be drawn in question; nor in actions on mortgages or contracts for the conveyance of real estate; nor in civil actions where the debt or sum claimed shall exceed one thousand dollars."

It will be observed that the constitution does not prohibit the conferring upon the county court of equity powers and jurisdiction, except in actions in which the title to real estate may be called in question, and foreclosure of mortgages. In *Brook v. Chappell*, 34 Wis., 405, the residuary legatee named in a will had promised the testator to pay specific sums as legacies to certain persons

whereby the testator was induced not to change his will. On application to have the request and promise admitted to probate as a nuncupative codicil, while the application was denied on statutory grounds, it was held, under statutory and constitutional provisions practically the same as ours, that the county court as a court of probate had power to enforce a trust in favor of the proponents, and that the jurisdiction of courts of equity in such cases is merely concurrent.

The case of *Hanchett v. Waterbury*, 115 Ill., 220, called for a construction of the assignment law of that state, which does not differ materially from ours. It was held, that by the law governing voluntary assignments a new and special jurisdiction was conferred upon the county court, and that the jurisdiction of that court was exclusive. Judge Mulkey, in the opinion of the majority of the court, says: " The assignee, the insolvent debtor, and all persons claiming the fund, are subject alike to the summary jurisdiction of the court, and whatever rights, real or supposed, with respect to the fund, must be litigated therein."

While under section 32 of our assignment law a court of equity would undoubtedly have jurisdiction in a case like this, it is plain to us that such jurisdiction is concurrent only. Nor do we hold that the county court under the constitution is or could be vested with general equity powers. What we hold, and what seems to us .clear, upon principle is, that the county court in the exercise of its powers with respect to the personal estate of an insolvent, in the hands of an assignee, may allow whatever relief the parties are entitled to with respect to such property, whether it would, under the former practice, have been denominated legal or equitable.

Second—Under the allegations of the petition, is the claimant entitled to preference over other creditors of the insolvent bank, or, in other words, does the petition state a cause of action? We think not. The rule on the sub-

ject is stated by Judge Story thus: "The right to follow the trust fund ceases only when means of ascertainment fail, which, of course, is the case when the subject-matter is turned into money and mixed and confounded in a general mass of property of the same description." (Story's Equity, 1259.) That the foregoing rule is applicable to cases like this, where the funds in controversy are the assets of an insolvent bank, is well settled.

In *Ill. Trust and Savings Bank v. Smith*, 21 Blatch. [U. S.], 275, Judge Wallace, after remarking that the property comes into the hands of the receiver as a trust fund for the benefit of all of the creditors, proceeds as follows: "It would be a violation of law upon his part to set aside any part of these assets for the complainant unless his portion is capable of identification or being definitely traced and distinguished," etc., etc.

Counsel for plaintiff in error rely with confidence upon the case of *Cragie v. Hadley*, 99 N. Y., 131. We do not, however, regard that case as authority. That was an action against the defendants for the proceeds of a draft received for collection from an insolvent bank. The fund, therefore, was easily distinguishable from the other assets of the bank. It is evident from subsequent cases in New York that that case has never been regarded as an authority in cases like this, where the money of the claimant has been mingled with the other funds of the bank, and cannot be distinguished from other assets in the hands of the assignee or receiver.

*In re N. River Bank*, 14 N. Y. Sup., 261, is a case directly in point. The supreme court therein, after showing that *Cragie v. Hadley* was not authority, for the reason given above, hold that the petitioner was not entitled to preference, although he deposited his money on the forenoon of the day on which the bank closed its doors, on the assurance that it was solvent, upon the ground that it did not appear that the money had not gone into the gen-

eral funds of the bank and because he had failed to impress upon the funds in the hands of the receiver the character of a trust.

In *Atkinson v. Rochester Printing Co.*, 114 N. Y., 168, the same distinction is made, and the court say: "The fact that the defendant became a creditor of the insolvent bank through the fraud of its officers, and the bank a. trustee *ex maleficio*, gave the defendant no right to a preference over other creditors unless it could trace and recover its property." And such is the law as recognized from the earliest history by the courts of chancery. (*Ryall v. Rolle*, 1 Atkyns [Eng], 172; *Thompson's Appeal*, 22 Pa. St., 16; Perry, Trusts, sec. 128.) The judgment of the district court is

AFFIRMED.

THE other judges concur.