STATE OF NEBRASKA V. JOSEPH W. THOMAS, RECEIVER OF MIDLAND STATE BANK, APPELLEE, AND LEPHA J. MCCARGAR, APPELLANT.

FILED JANUARY 19, 1898.   No. 9252.

Banks and Banking: INSOLVENCY: TRUSTS: AGENCY. When an agent, in accordance with a long course of business, deposits in his own name as agent moneys of his principal with his knowledge and consent in a bank which becomes insolvent, the moneys so deposited will not be declared a trust fund in favor of the latter, and established as a preferred claim.

APPEAL from the district court of Douglas county. Heard below before SCOTT, J.   *Affirmed.*

The facts are stated in the opinion.

*B. N. Robertson*, for appellant:

The right of appellant under her mortgage is not limited to the chattels described therein, but extends to the proceeds of the property. (*Union Stock Yards Bank v. Gillespie*, 137 U. S. 411; *McLeod v. Evans*, 66 Wis. 401; *Capital Nat. Bank v. Coldwater Nat. Bank*, 49 Neb. 786; *Baker v. New York Nat. Exchange Bank*, 100 N. Y. 31.)

Agency of the bank in closing out the hardware stock was established. The hardware stock was impressed with a trust in favor of Mrs. Jones and appellant. (*People v. City Bank*, 96 N. Y. 32; *Hamer v. Sidway*, 124 N. Y. 538; *National Bank of Fishkill v. Speijht*, 47 N. Y. 668; *Wilson v. Dawson*, 52 Ind. 513.)

The Midland State Bank was a collecting agent, and acquired no title to the proceeds of the draft. (*Branch v. United States Nat. Bank*, 50 Neb. 470; *Drovers Nat. Bank v. O'Hare*, 119 Ill. 646; *Nurse v. Satterlee*, 46 N. W. Rep. [Ia.] 1102; *State v. State Bank of Wahoo*, 42 Neb. 896; *Davenport Plow Works v. Lamp*, 45 N. W. Rep. [Ia.] 1049; *In re Knapp*, 70 N. W. Rep. [Ia.] 626; *State v. Midland State Bank*, 52 Neb. 1; *Independent District of Boyer v.*

*King*, 45 N. W. Rep. [Ia.] 908; *Myers v. Board of Education*, 51 Kan. 87; *Overseers of Poor v. Bank of Virginia*, 2 Gratt. [Va.] 547; *First Nat. Bank of Central City v. Hummel*, 14 Colo. 259; *Cady v. South Omaha Nat. Bank*, 46 Neb. 756; *Third Nat. Bank v. Stillwater Gas Co.*, 30 N. W. Rep. [Minn.] 440; *San Diego County v. California Nat. Bank*, 52 Fed. Rep. 62.)

*John L. Kennedy, contra.*

NORVAL, J.

This is an appeal from an order of the district court refusing to order the receiver of the Midland State Bank to pay the amount of the claim of Lepha J. McCargar as a preferred claim.

The facts upon which the right to a preference is based may be summarized as follows: On January 13, 1896, Alexander M. McCargar, who was engaged in the hardware business in the city of Omaha, executed on his stock and fixtures three chattel mortgages, one in favor of Mrs. William H. Jones for $1,957.13, one to his wife, Lepha J. McCargar, securing $500, and the third to the Midland State Bank for $1,280. The mortgages had priority in the order named. The mortgagees took possession of the chattels under their mortgages, advertised and sold the property at public sale on February 7, 1896, to the Midland State Bank for $2,650, but it failed to pay the amount of its said bid. Thereupon a written agreement was entered into between the three mortgagees to the effect that the property was to be placed in the possession of said A. M. McCargar for the purpose of sale under the direction of the parties, the proceeds arising therefrom to be applied in paying off the mortgages in the order of priority, and the stock remaining was to belong to the bank. In pursuance of said agreement, A. M. McCargar took possession of the mortgaged property and continued to dispose of the same at retail until September 6, 1896, the proceeds being deposited

34

as received in the Midland State Bank to the credit of
"A. M. McCargar, Agt. for mortgagees." The moneys
were subsequently drawn by McCargar upon his checks
and applied according to the terms of the agreement, in
payment of the expenses and on the mortgage of Mrs.
Jones. The debt of the latter was thereby reduced to
$902.15, but nothing had been paid on the other two
mortgages. On the date last mentioned the entire re-
mainder of the mortgaged stock was sold to George Mor-
timer, of Shelton, this state, for $1,929.07, who drew a
sight draft for said sum on a bank at Shelton payable
to the order of the Midland State Bank, which the latter
bank forwarded to the Shelton bank, and on September
8, 1896, received as proceeds of the same a draft drawn
by the Shelton bank on the First National Bank of
Omaha. The Midland State Bank on the following day
deposited this draft in the Union National Bank of
Omaha, received credit for the amount thereof, and on
the same day the draft was paid by the said First Na-
tional Bank. On September 8 the Midland State Bank
credited the account of "A. M. McCargar, agent for mort-
gagees," with the amount of said draft, and two days
later McCargar as agent drew a check on the account
in favor of his wife, Lepha J. McCargar, for the amount
due on her mortgage, which check was the same day
delivered to Mrs. McCargar, who retained the same with-
out presentation for payment until after the Midland
State Bank closed its doors on September 15. McCar-
gar as agent also drew a check on said account for
$902.15 in payment of the balance due on Mrs. Jones'
mortgage, and another check to the Midland State Bank
for the amount of the balance of the proceeds of the
mortgaged chattels remaining in said bank. Mrs. Mc-
Cargar was aware that the money realized from the sale
of the property was being deposited by her husband in
said bank.

The question involved is whether Mrs. McCargar, un-
der the facts just stated, is entitled to have a trust in her

favor enforced against the funds of the Midland State Bank in the hands of the receiver. Said bank was not the agent or trustee of Mrs. McCargar in the disposal of the hardware stock. On the contrary, by the written agreement entered by the three mortgagees, Mr. McCargar was appointed to represent all of them for the purpose of disposing of the mortgaged property and applying the proceeds arising from the sale to the satisfaction of the mortgages in the order of the priority of the liens. That McCargar converted the property into money in accordance with the terms of the trust is undisputed. But instead of paying Mrs. Jones and Mrs. McCargar the amounts due them respectively, as under the terms of the tripartite agreement it was his duty to do, he, with the knowledge of his wife, deposited the proceeds of the sales, from time to time as the same were received, in the Midland State Bank on open account to the credit of "A. M. McCargar, Agt. for mortgagees." These deposits having been made with her knowledge and consent, the legal effect is precisely the same as if they had been made to Mrs. McCargar in person. In that case the relation of debtor and creditor would have been created and the money thus deposited would not have been impressed with the character of a trust fund. Had the money been deposited by McCargar without the knowledge of his wife or her subsequent ratification of his action in the premises a trust could have been enforced in her favor against the bank, since it received the funds with full information of their trust character.

It is urged that the Midland State Bank was a collecting agent of the draft drawn in its favor by Mr. Mortimer, the purchaser of the remainder of its stock, and that the bank acquired no title to the proceeds of the draft. It is undoubtedly true that the draft was collected through the agency of the bank, and on its receipt of the proceeds of the collection, it was its duty to pay over the same to A. M. McCargar, as the agent of the mortgagees. This was done, and the amount de-

posited to the credit of McCargar as such agent, precisely in accordance with the manner in which McCargar had conducted the business of the trust for several months preceding, and with the full knowledge of his wife. She subsequently recognized the deposit by accepting a check for the amount of her mortgage debt on the bank drawn by McCargar as agent. We are convinced the appellant is not entitled to have a trust declared in her favor, and that the court below did not err in refusing to order the receiver to pay the amount due Mrs. McCargar as a preferred claim. The case is unlike *State v. State Bank of Wahoo*, 42 Neb. 896. In that case the money was deposited without the knowledge or consent of the owner, and there was no subsequent ratification, while here the converse was true. The other decisions cited in brief of appellant are no more nearly in point than the one just mentioned. The decree is

AFFIRMED.