STATE OF NEBRASKA V. BANK OF COMMERCE ET AL., AP-
PELLEES, AND JOHN HENDRICKSON ET AL., APPEL-
LANTS.

FILED APRIL 21, 1898.   No. 9915.

1. **Insolvent Trustee:** PREFERRED CLAIM. The beneficiary of a trust
fund, solely because of the character of his claim, is not entitled
to the payment of the same in full, to the exclusion of the other
creditors, out of the assets of the insolvent trustee's estate.

·2. **Trusts:** CONVERSION: RIGHTS OF BENEFICIARY. When trust funds
are wrongfully converted, the beneficiary is entitled to the funds
themselves, or the proceeds of the investment of them, so long as
he can definitely trace them, and before they reach the hands of
an innocent holder.

3. ———: TRACING FUNDS. When a trustee wrongfully commingles
trust money with his own and makes payments from the com-
mon fund, it will be presumed that he paid out his own money,
and not the trust money.

4. ———: ———: CONVERSION: BENEFICIARIES. When trust funds are
wrongfully converted and not only do not remain in the hands
of, and are not found among the assets of, the wrong-doer, but are
actually traced out of his hands and shown to have been dissi-
pated, then the beneficiary of the trust fund is not entitled to have
· his claim allowed as a preferred one against the estate of the
insolvent wrong-doer.

5. ———: ———. If the trust property consisted of money, the claim
·of the beneficiary of the trust fund may be preferred to the extent
of the cash found among the assets of the insolvent trustee at
the time of his failure, unless it affirmatively appears that such
cash assets are not part of the trust fund.

6. **County Treasurer:** WRONGFUL DEPOSIT OF FUNDS: LIEN OF COUNTY.
A county treasurer is a trustee of moneys which come into his
hands by virtue of his office, and if he wrongfully deposits them to
his own credit in a bank aware of their character, which after-
wards becomes insolvent, the county is entitled to have its claim
decreed a first lien upon any asset of the insolvent which it shows
is the product of its moneys.

7. ———: ———: ———. The county treasurer of Hall county wrong-
fully deposited to his own credit in the Bank of Commerce $15,-
860.18 of public funds, the bank being aware of their character.
The bank failed, having in its vaults only $140 in cash. It had
used the treasurer's deposit in paying off its other depositors. It
was not shown that any part of this public money was repre-
sented by or embraced in any asset of the bank which came into

State v. Bank of Commerce.

the possession of its receiver. *Held*, (1) That the county was entitled to reclaim the $140 as being part of the trust fund; (2) that it was not entitled to have its claim against the insolvent bank decreed a first lien upon the other assets thereof.

APPEAL from the district court of Hall county. Heard below before THOMPSON, J. *Reversed.*

See opinion for references to authorities cited.

*John L. Webster, W. A. Prince, W. H. Platte, James H. Woolcy,* and *James H. McIntosh,* for appellants.

*Fred W. Ashton, R. R. Horth, Charles G. Ryan,* and *C. J. Smyth,* contra.

RAGAN, C.

To an understanding of this case the material and undisputed facts are: On January 9, 1896, William Thomssen was the county treasurer of Hall county, Nebraska. On that date and the 13th and 15th days of said month he made general deposits to his own credit in the Bank of Commerce of Grand Island, in said county, aggregating $16,828.32. The moneys so deposited were public moneys rightfully in the hands of Thomssen as county treasurer of said county. The deposit so made was unlawful. The officers of the bank knew that the money so deposited by the treasurer was not his, but the money of the public, and that Thomssen held such money as the county's agent or trustee. On January 20 of said year the Bank of Commerce became insolvent, ceased to do business, and its assets were subsequently placed in the hands of a receiver. When the receiver took possession of the assets of the bank there were in its vaults in cash $140, and no more. Between January 9 and January 20 Thomssen drew checks against the deposit made by him in said bank amounting to $968.14, so that, when the bank ceased to do business, it was indebted to Thomssen in the sum of $15,860.18. This money the bank used in paying off its depositors other than the county treasurer.

It was not shown that any part of this public money was represented by or embraced in any asset of the bank which came into the hands of the receiver. After the receiver was appointed the creditors of the bank filed with him their claims against the bank, and among the claimants was Hall county, by its treasurer, for the money which the bank at the time of its failure owed him. A dividend of fifteen per cent was afterwards paid by the receiver to each of the creditors, including the county treasurer. Subsequently the county filed a petition in equity and asked that its claim be decreed a preferred one, and be first paid out of the assets of the insolvent bank. The district court of Hall county entered a decree as prayed by the county, and the other creditors of the bank have appealed.

1. It is insisted by appellants that the county, by accepting the fifteen per cent dividend, has estopped itself from asserting that it is a preferred creditor. If the claim of a private individual had been allowed as that of a common creditor, and he had afterwards accepted a dividend paid thereon by the receiver, he would probably be in no position to afterwards maintain an action to have his claim decreed a preferred one, as he would be bound by the judgment or adjudication, unless appealed from, which recognized his claim as that of a common creditor, and estopped because of his acceptance of the dividend paid on such non-preferred claim. (*Anheuser-Busch Brewing Ass'n v. Morris*, 36 Neb. 31; *State v. Thomas*, 53 Neb. 464.) But the county is not estopped here from asserting that its claim is a preferred one because of the action of its county board and treasurer in the premises.

2. The treasurer was a trustee of the county for this money, and since the bank borrowed the money of the treasurer, knowing it was county money, it acquired no greater rights to the money than the treasurer himself had. It has sometimes been held that where a trustee of a trust fund, or one who has received that fund

from him, knowing .it to be such, becomes insolvent, the
claim of the beneficiary of the trust fund is to be pre-
ferred to that of all other creditors of such trustee.
Such was the holding of the supreme court of Wisconsin.
in *McLeod v. Evans*, 28 N. W. Rep. 173, 66 Wis. 401. It
was there ruled that in order to make the claim of the
beneficiary of the trust fund a preferred one it was not
necessary to show that any part of the trust fund was
embraced in the assets which came into the hands of
the receiver of the insolvent trustee. The ruling in
this case was followed by that court in *Francis v. Evans*,
69 Wis. 115, 33 N. W. Rep. 93, and *Bowers v. Evans*, 71
Wis. 133, 36 N. W. Rep. 629; but in *Nonotuck Silk Co. v.
Flanders*, 87 Wis. 237, 58 N. W. Rep. 383, the supreme
court of Wisconsin repudiated the doctrine announced
in *McLeod v. Evans, supra,* and overruled that case and the
cases following it. The supreme court of Iowa seems
also to have followed the rule announced by the supreme
court of Wisconsin in *McLeod v. Evans, supra.* (See *Inde-
pendent District of Boyer v. King*, 45 N. W. Rep. 908;
*Davenport Plow Co. v. Lamp*, 45 N. W. Rep. 1049.) The
doctrine of *McLeod v. Evans* seems also to have been
followed by the supreme court of Kansas in *Myers v.
Board of Education*, 51 Kan. 87. But we think the cor-
rect doctrine, and the one supported by the decided
weight of authority, is that the beneficiary of a trust
fund, solely because of the character of his claim, is
not entitled to the payment of the same in full, to the
exclusion of other creditors, out of the assets of the in-
solvent trustee's estate; that when trust funds are
wrongfully converted, the beneficiary is entitled to the
funds themselves, or to the proceeds of the investment
of them, so long as he can definitely trace them and be-
fore they reach the hands of an innocent holder; that
when a trustee wrongfully commingles trust money
with his own and makes payments from the common.
fund, it will be presumed that he paid out his own
money, and not the trust money; that it will be presumed

the cash assets on hand when the trustee failed and the receiver took possession of his estate were part of the trust money; that when trust funds are wrongfully converted, and not only do not remain in the hands of, and are not found among the assets of, the wrong-doer, but are actually traced out of his hands and shown to have been dissipated, then the beneficiary of the trust fund is not entitled to have his claim allowed as a preferred one against the estate of the insolvent wrong-doer. If the trust property consisted of money, the claim of the beneficiary of the trust fund may be preferred to the claims of other creditors, to the extent of the cash found among the assets of the insolvent trustee at the time of his failure, unless it affirmatively appears that such cash assets were not part of the trust fund.

The foregoing propositions are sustained by the following authorities: 2 Story, Equity Jurisprudence [13th ed.] secs. 1258, 1259; *Thompson's Appeal*, 22 Pa. St. 16; *Sherwood v. Central Michigan Savings Bank*, 61 N. W. Rep. [Mich.] 352; *Neely v. Rood*, 54 Mich. 134, 19 N. W. Rep. 920; *Little v. Chadwick*, 151 Mass. 110, 23 N. E. Rep. 1005; *Holmes v. Gilman*, 138 N. Y. 369, 34 N. E. Rep. 205; *Nonotuck Silk Co. v. Flanders*, 87 Wis. 237, 58 N. W. Rep. 383; *National Bank v. Insurance Co.*, 104 U. S. 54; *Gianella v. Momsen*, 63 N. W. Rep. [Wis.] 1018; *Slater v. Oriental Mills*, 27 Atl. Rep. [R. I.] 443; *Freiberg v. Stoddart*, 28 Atl. Rep. [Pa.] 1111; *Englar v. Offutt*, 70 Md. 788; *Boone County Nat. Bank v. Latimer*, 67 Fed. Rep. 27; *In re Cavin v. Gleason*, 105 N. Y. 256, 11 N. E. Rep. 504; *Northern Dakota Elevator Co. v. Clark*, 53 N. W. Rep. [N. Dak.] 175, and cases there cited.

In *State v. Foster*, 38 Pac. Rep. [Wyo.] 926, the state of Wyoming and the county of Laramie, in said state, sought to have a trust declared in their favor against the entire assets of an insolvent bank in which the treasurers of said county and state respectively had deposited the public moneys, and have their claims allowed as preferred ones. The opinion is an able and an exhaustive

one, and the court summed up its conclusion on the inquiry presented in the following language, found in the fourth and fifth paragraphs of the syllabus: "A state or county treasurer is merely custodian or trustee of public moneys coming into his hands by virtue of office, and if he deposits such funds with one who knows their trust character, and who afterwards becomes insolvent, the state or county may sue to impress a trust on the insolvent estate, if such funds can be identified, or traced to some particular fund or property of the estate. Where a banker takes on deposit trust funds, knowing their character, and, after mingling them with his own funds, draws on the whole in the usual course of business, it will be presumed that the money so withdrawn is that of the banker, and not the trust money."

From the admitted facts in this case our conclusion is that Hall county was not entitled to have its claim allowed as a preferred one against the estate of the Bank of Commerce, except to the extent of $140, the amount of cash in the vaults of the bank when it failed. As there is no evidence whence this cash was derived, the presumption is that it was a part of the county money. But counsel for both parties to this litigation have cited certain opinions of this court which each claims sustain his contention, and we now proceed to examine the cases cited.

In *Wilson v. Coburn*, 35 Neb. 530, a customer of a bank made a deposit therein after it had become insolvent, but without his knowledge. He then sought to have a trust impressed upon the assets of the bank in the hands of its assignee, or, in other words, to have his claim against the bank made a preferred one; but this court denied him relief, on the ground that he was unable to trace, distinguish, and identify the money deposited in the bank. This case then is an authority for the conclusion we have reached in the case under consideration.

In *Anheuser-Busch Brewing Ass'n v. Morris*, 36 Neb. 31,

a bank had collected and failed to remit certain moneys to the brewing association. Subsequently the bank failed and was placed in the hands of an assignee. The brewing association then filed its claim, and it was allowed to prorate with the claims of other creditors. Subsequently a dividend was paid by the assignee, which the brewing association accepted. On this state of facts we held that the allowance by the county court of the brewing association's claim to prorate with other creditors was an adjudication that the association was not entitled to have its claim preferred, and that, as it did not appeal from this adjudication, it was bound thereby, and, it having accepted the dividend paid by the assignee, had estopped itself from claiming to be a preferred creditor of the insolvent bank. The question of the right of the brewing association because it was the beneficiary of a trust fund to have that fund paid out of the assets of the insolvent bank as a preferred claim was not necessary to a decision of the case.

Farwell v. Kloman, 45 Neb. 424, is in line with the conclusion reached in the case at bar. In that case it was held that equity would award the beneficiary of the trust property any particular property which could be identified as having been purchased with the trust property. But such beneficiary was denied the right of preference, upon the ground that the trust property had been dissipated and mingled by the trustee with his own until it was incapable of identification, and that no part of the assets of the insolvent trustee's estate was shown to be the product of any part of the trust fund.

In Capital Nat. Bank v. Coldwater Nat. Bank, 49 Neb. 786, there were in the vaults of the insolvent trustee at the time of its failure $11,000 in cash. The trust fund amounted to $4,000, and we held that the beneficiary of the trust fund was entitled to have his claim preferred to that of other creditors of the insolvent trustee. This case, then, is in line with the conclusion reached

in the case at bar. Since the insolvent trustee had in its vaults $11,000 in cash when it failed and went into the hands of a receiver, the presumption arose that included in that $11,000 of cash were the $4,000 constituting the trust fund.

What has just been said of the *Capital National Bank Case* is also true of *State v. Midland State Bank*, 52 Neb. 1. As the record in that case discloses,—although the fact does not appear in the opinion,—the cash in the vaults of the bank at the time it became insolvent exceeded the amount of the trust fund; and again the presumption arose that in that cash was included the trust money of the school district.

The only case in this court which seems to be contrary to the conclusion we have reached in the case at bar is the *State v. State Bank of Wahoo*, 42 Neb. 896. In that case the trust property consisted of money, and the claim of the beneficiary of this fund was ordered paid as a preferred claim out of the assets of the insolvent trustee, a bank. The opinion does not disclose whether the cash in the vaults of the bank at the time of its failure was equal to or exceeded the amount of the trust fund, and I have not access to the record and cannot therefore say what the record did disclose in that respect; but it was never the writer's intention to hold that the beneficiary of a trust fund, simply because of the character of that fund, was entitled to a preference out of the assets of the estate of the insolvent trustee, and the case is not to be regarded as an authority for that doctrine. It was not the intention of the court or the writer of that opinion to adopt the doctrine of *McLeod v. Evans, supra;* nor was it the intention to depart from the principle announced in the case of *Wilson v. Coburn, supra.* The case, like every other, should rest upon some principle; and if it cannot be made to rest upon the principle of *Wilson v. Coburn,* then, like the Wandering Jew, it should not be allowed to rest at all, but move on forever. At all events, the

case must not be considered as an authority for the doctrine announced in *McLeod v. Evans, supra,* and the cases which follow that. The decree appealed from is reversed and the cause remanded, not for retrial, but with instructions to the district court to set aside its decree in favor of the county and to enter a new decree awarding the county of Hall a preference to the extent of $140, the remainder of its claim to be allowed so as to share in the proceeds of the insolvent estate in common with other creditors thereof, the county to be charged with the amount of the dividend received and retained by it.

REVERSED AND REMANDED.

HARRISON, C. J., not sitting.