WILLIAM G. MORRISON, PLAINTIFF, V. LINCOLN SAVINGS BANK & SAFE DEPOSIT COMPANY, DEFENDANT, CARRIE B. COBB, ADMINISTRATRIX, APPELLEE, AND JOHN E. HILL, RECEIVER, APPELLANT.

FILED DECEMBER 22, 1898.   No. 9514.

1. **Trustee: INSOLVENCY: PREFERRED CREDITORS.** The owner of trust property is not, merely by reason of the character of his claim, entitled to a preference over the general creditors of an insolvent trustee.

2. ——: ——: ——. A person asserting a claim for preference against an insolvent estate has the burden of showing that such estate has been increased, to some extent, by the misappropriation of trust funds or property belonging to the claimant.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Reversed.*

*A. S. Tibbets* and *L. C. Burr*, for appellant.

*Amasa Cobb, A. G. Greenlee,* and *Harwood, Ames & Pettis, contra.*

SULLIVAN, J.

The Lincoln Savings Bank & Safe Deposit Company, a banking institution of the city of Lincoln, assigned to Moffett M. Cobb certain school warrants to secure an indebtedness of $6,165.68, evidenced by a certificate of deposit issued on June 3, 1895. The warrants were not actually delivered at the time of the assignment, but, by agreement between the parties, were retained by the bank as collecting agent for Cobb. The bank subsequently became insolvent and John E. Hill, having been appointed receiver, took possession of its assets and proceeded to administer the trust. Before the receiver was appointed the bank had misappropriated the warrants, and had not paid the indebtedness which they were given to secure. In April, 1896, Moffett M. Cobb died, and afterwards his legal representative presented to the district court of Lancaster county a petition alleging the facts above recited and asking that the amount of the warrants be made a preferred lien on the assets of the bank and that the receiver be directed to pay the same before making distribution among general creditors. The court granted the prayer of the petition and the receiver brings the record here for review. The theory upon which it is sought to establish a preference in favor of the administratrix is that the warrants were the property of Moffett M. Cobb and that by their unlawful diversion the owner became entitled to an equitable lien on the entire assets of the bank.

It is familiar doctrine that the owner of property may follow and reclaim it so long as it can be identified and distinguished; and that when one holding the property of another in trust commingles it with his own so that

separation and identification are no longer possible, the owner of the trust property will be given a lien for its value on the entire mass of which his property forms a part. But to entitle the owner of trust property to a preference over the general creditors of an insolvent trustee it must appear that his property, or its proceeds, went into and became a part of the fund or estate upon which it is sought to impress a trust. (*Carin v. Gleason,* 105 N. Y. 256; *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, 58 N. W. Rep. 383; *State v. Bank of Commerce,* 54 Neb. 725, 75 N. W. Rep. 28.) The administratrix does not deny this rule, but bases her claim for preference on the assumption that the proceeds of the warrants in question were received by the bank and went to swell its assets. The assumption is unsupported by either pleadings or proofs. That the warrants were delivered to some one not authorized to receive them is established beyond controversy; but whether they were negligently delivered to some one falsely assuming to represent the owner, or were deliberately misappropriated, is not disclosed by the record. For aught that appears to the contrary, they may have been applied to the payment of, or given as security for, an antecedent indebtedness of the bank or some of its officers. To whom they were delivered and for what purpose is a mere matter of conjecture. It is certain, however, that there is in the record before us no fact from which it can be inferred that anything of value derived from the conversion of the warrants ever went into, or formed a part of, the assets of the bank, and thus, directly or indirectly, increased the fund in the hands of the receiver for distribution. The doctrine held in some jurisdictions, that the beneficiary of a trust fund is entitled in a case of this kind to a preference over the general creditors of an insolvent without showing that such fund, or part of it, was included in the assets which came into the hands of the receiver, was expressly repudiated by this court in the case of the *State v. Bank of Commerce,* *supra.* The rule recognized in that case, and sustained

by the great weight of authority, imposes upon one as-
serting a claim for preference the burden of showing that
the estate of the insolvent debtor has been increased to
some extent by the misappropriation of trust funds or
property belonging to the claimant. "The right rests,"
as was said in *Shields v. Thomas*, 71 Miss. 260, 14 So.
Rep. 84, "upon the equitable title of the beneficiary, who,
seeking to recover specific property or to fix a charge
upon a mass, must trace his estate, and show that the
specific thing claimed is in equity his property, or that
his estate has gone into and remains in the mass he seeks
to charge." From the many cases which recognize the
rule here laid down we cite the following: *Merchants &
Farmers Bank v. Austin*, 48 Fed. Rep. 25; *Commercial
Bank v. Armstrong*, 39 Fed. Rep. 684; *Metropolitan Bank
v. Campbell*, 77 Fed. Rep. 705; *Goodell v. Buck*, 67 Me. 514;
*Neely v. Rood*, 54 Mich. 134; *Little v. Chadwick*, 151 Mass.
109; *Cavin v. Gleason*, 105 N. Y. 256; *Peters v. Bain*, 133
U. S. 670. The judgment of the district court is reversed
and the petition of the administratrix is dismissed.

REVERSED.