THE METROPOLITAN BODY COMPANY v. THE CORBITT COMPANY.

(Filed 20 March, 1940.)

1. **Bailment § 1: Chattel Mortgages and Conditional Sales § 1a—Contract held conditional sales contract and not bailment.**

Plaintiff shipped the truck cabs in suit to its purchaser C.O.D. Upon the purchaser's inability to pay cash therefor, a contract was entered into between plaintiff and the purchaser and its treasurer, under which the treasurer agreed for himself and the purchaser to place the cabs in storage and obtain fire and theft insurance at his own expense for the benefit of plaintiff and to release the cabs to the purchaser as and when he received a stipulated sum per cab and paid said sum or sums to plaintiff, and agreed to pay for all of the cabs within sixty days, and upon his failure to do so, to ship the remaining unpaid for cabs to plaintiff, and

it was stipulated that plaintiff should at all times be considered the owner of the cabs until they were paid for, with further provision that this contract should in no way release the purchaser from its obligation under its contract of purchase unless and until the full purchase price had been paid. *Held:* The contract with the purchaser and its treasurer is a conditional sales contract and not a contract of bailment, since it creates an unqualified obligation to buy and pay the purchase price, with the duty to return the specific articles conditioned upon failure to pay as agreed.

**2. Chattel Mortgages and Conditional Sales § 12b—Purchaser in good faith for value obtains title notwithstanding unrecorded conditional sales contract.**

The contract between plaintiff and the purchaser, correctly construed, constituted a conditional sales contract for the sale of certain truck cabs. The purchaser, an Ohio corporation, then executed chattel mortgages on certain property, including the truck cabs in suit. The mortgagee acquired possession and obtained a release of all right, title, interest or equity of redemption from the purchaser, and the mortgagee then sold to defendant. *Held:* Under the General Code of Ohio, section 8568, if defendant is a purchaser in good faith and for value, it obtains title unaffected by the unrecorded conditional sales contract, and the conflicting evidence as to whether defendant is a purchaser in good faith and for value should have been submitted to the jury, and an instruction that the contract constituted a bailment and that as a matter of law plaintiff is the owner of the cabs, is error.

APPEALS by plaintiff and defendant from *Thompson, J.,* at October Term, 1939, of VANCE. On defendant's appeal, new trial. Plaintiff's appeal dismissed.

This is a civil action to recover the possession of 35 motor truck seat cabs, together with damages for the wrongful detention thereof. The ancillary writ of claim and delivery was issued. The defendant gave bond and retained possession of said property.

In December, 1937, plaintiff shipped to the Clydedale Motor Truck Company of Clyde, Ohio, by freight, C.O.D., 35 motor truck seat cabs to be used in filling an order for trucks from the Federal Government. Draft with bill of lading attached was drawn by the consignee. As the consignee was unable to pay cash the shipment was stopped in transit and the cabs were subsequently delivered to J. N. Traxler, treasurer of the consignee, under a written contract executed by him and the consignee.

Prior thereto, on 20 October, 1937, the consignee had executed a chattel mortgage to the Great Lakes Acceptance Corporation. This mortgage included an after-acquired property clause which undertook to include all property "which may hereafter be acquired by the grantor to be used in conjunction with the foregoing inventory, in the erecting, building and completing of certain trucks to be delivered under contract with the United States Government." On 14 April, 1938, the consignee

executed a chattel mortgage to the Great Lakes Acceptance Corporation to secure $1,500, payable 15 August, 1938. This chattel mortgage conveyed sundry articles and "10 Cab assemblies refinished for paint, dash drilled for wiring, floor boards and tow boards made, seat box, floor, front dash and bottom painted. 25 Cab assemblies as purchased." There is no other identifying description except a reference to the fact that they are to be used in filling the order of the United States Government. This mortgage is made a lien second to any prior chattel mortgage.

Immediately after the execution of the second chattel mortgage and a few days prior to 20 April, 1938, the mortgagee claims to have taken physical possession of all the inventories included in the two mortgages. On 20 April, 1938, the truck company executed a release to the defendant herein of all its right, title, interest or equity of redemption in the property, the release reciting sale thereof by the Acceptance Corporation. On 21 April, 1938, the Acceptance Corporation executed a bill of sale to the defendant for the property seized, including the 35 cabs. It is therein expressly provided that "this bill of sale shall in no event be construed to pass title to any of the above property or materials which are in excess of the units needed for the erection, construction and completion of thirty-one (31) 4x4 Government motor trucks." It likewise refers to an agreement between the Acceptance Corporation and the defendant dated "April 22, 1938."

Thereafter, plaintiff identified its trucks in the possession of the defendant and instituted this action 14 June, 1938, for the recovery thereof.

Although the bill of sale and release recite that the purchase money was paid by the defendant at the time of the alleged sale the defendant, on 19 July, 1938, by agreement with the Acceptance Corporation, segregated $4,000 of the amount due the Acceptance Corporation and delivered the same to its attorneys to be held for its protection against the outcome of this action.

Issues were submitted to and answered by the jury as follows:

"1. Is the plaintiff the owner and entitled to the possession of the cabs described in the pleadings in this cause? Answer: 'Yes.'

"2. What was the value of said cabs at the time of the institution of this suit? Answer: '$50.00 each.'"

Judgment was entered on the verdict and both the plaintiff and the defendant excepted and appealed.

*A. A. Bunn, Jasper B. Hicks, and J. H. Bridgers for plaintiff.*
*J. P. & J. H. Zollicoffer for defendant.*

DEFENDANT'S APPEAL.

BARNHILL, J. The court below, on the first issue, charged the jury as follows:

"Some question has arisen about title to those cabs, and I have held, gentlemen, as a matter of law, that the Corbitt Company by that purchase did not acquire a good title to the property, and the first issue or question which will be submitted to you reads as follows: (quotes issue).

"I instruct you, gentlemen of the jury, that if you believe all of the evidence, and find the facts to be as the evidence tends to show, you will answer that issue Yes."

"The paper writing sued on is what the law calls a bailment, that is where a party places his property in care of another for a special purpose, retaining title to the same, and the caretaker is not liable as a purchaser, such party is called a bailee. Such bailee has no power except as contained in the document . . .

"Therefore, I have charged you if you believe the evidence and find the facts to be as the evidence tends to show, you will answer that issue Yes."

Later on the same issue he further charged:

"I decided as a matter of law that by the purchase of the property he did not get a good title, and if I am wrong about that the Supreme Court up at Raleigh will reverse me and send it back here for a new trial. So take the case now, gentlemen, and answer this second issue, remembering that the burden of proof as to the value of the cabs is upon the plaintiff in the case."

The ownership of the property was the principal fact at issue. The statement of the court below that it had decided this fact as a matter of law, in effect, took the case from the jury on the issue of ownership and at least constituted such an expression of opinion by the court as would necessitate a new trial unless the record discloses that as a matter of law the plaintiff is, in fact, the owner of the property in controversy.

The 35 cabs, which are the subject matter of this suit, were delivered by the plaintiff to J. N. Traxler under a written contract signed by him and the Motor Truck Company.

It is the contention of the plaintiff that the delivery of the cabs to J. N. Traxler constituted a bailment, and that any disposition of the cabs thereafter which was not authorized by the plaintiff, conveyed no title to the property. If its premise is correct its conclusion is sound.

However, upon a careful examination of the contract upon which plaintiff relies we are of the opinion that it constitutes a conditional sale contract and not a bailment.

When it appeared that the purchaser was unable to pay cash for the shipment plaintiff entered into an agreement with the Clydedale Motor

Truck Company and J. N. Traxler under the terms of which the cabs were delivered and one-half of the purchase price, to wit, $3,500, was paid. Traxler entered into this agreement "for himself and for the Clydedale Motor Truck Company" of which he was treasurer. He agreed that he would place the cabs in storage at his expense "for the benefit of the Metropolitan Body Company, who shall at all times be considered the owners of said shipment until paid for as hereinafter stated." He further agreed to obtain fire and theft insurance at his own expense with the plaintiff as beneficiary and to release to the Clydedale Motor Truck Company the cabs as and when he received $100 per cab and the said sum or sums were remitted to the plaintiff. He likewise agreed "for himself and as Treasurer of said Clydedale Motor Truck Company," to pay for the cabs on or before sixty days after the signing of the agreement and that upon his failure so to do he would cause the remaining unpaid-for cabs to be shipped to the plaintiff. It was further stipulated that "this agreement in no way releases the Clydedale Motor Truck Company from its obligation under its contract of purchase, unless and until the full sum has been fully paid for.

"It is further agreed that for all cabs unpaid for, the title to the same shall remain in" the plaintiff.

This contract is signed by the Clydedale Motor Truck Company and by J. N. Traxler.

Under the terms of the agreement the alleged bailees bound themselves as purchasers, the plaintiff retaining title until the purchase price was paid. Traxler and the sales company not only paid one-half of the purchase price but likewise agreed to be and become bound for the payment of the balance. Neither was under obligation to return the property except upon a default in the obligation to pay the purchase price.

The agreement is an unequivocal contract to buy and to pay the purchase price. The alleged bailees are under the unqualified obligation to purchase. The duty to return the specific articles is conditioned upon their failure to pay. Title to the property changed upon the delivery and Traxler and the truck company became debtors. See *Haak v. Linderman,* 64 Pa. St., 4991, Am. Rep., 612, 3 R. C. L., 77; *Wetherell v. O'Brien,* 140 Ill., 146, 29 N. E., 904, 33 A. S. R., 221; *B. F. Sturtevant Co. v. Cumberland, Dugan & Co.,* 106 Md., 587, 68 Atl., 351, 14 Ann. Cas., 675; *Sattler v. Hallock,* 160 N. Y., 291, 54 N. E., 667, 73 A. S. R., 686, and note, 46 L. R. A., 679; *Bretz v. Diehl,* 117 Pa. St., 589, 11 Atl., 893, 2 A. S. R., 706, and note; *Smith v. Niles,* 20 Vt., 315, 49 Am. Dec., 782, 3 R. C. L., 73.

Under the law of Ohio, General Code of Ohio, sec. 8568, this agreement is void as to all subsequent purchasers and mortgagees in good

faith and for value unless recorded, and it is admitted that the agreement is not of record as required by this statute.

It follows that the plaintiff is not the owner of the cabs as against the defendant if the defendant is, as it alleges, a purchaser in good faith for value. The quoted portion of the charge must be held for error.

There are facts and circumstances *pro* and *con* appearing in the record bearing on the question as to whether the defendant is a purchaser in good faith and for value. As there must be a new trial it would serve no good purpose, and might prove prejudicial to one or the other of the litigants, to discuss in detail the evidence thereon. Suffice it to say that this question should be submitted to and determined by a jury upon a proper issue.

In its answer the defendant alleges that J. N. Traxler held possession of the cabs in controversy as agent for the plaintiff. Whether, under this allegation, the defendant now may assert that the instrument under which plaintiff claims title is an unrecorded conditional sale contract is not presented on the record for determination.

### PLAINTIFF'S APPEAL.

As the errors pointed out on defendant's appeal require a new trial the questions presented by plaintiff's appeal become immaterial. Consideration thereof is not essential.

On defendant's appeal,

New trial.

Plaintiff's appeal

Dismissed.